## Lydia Lord *vs.* Ebenezer S. Parker.

A married woman cannot form a partnership with her husband, and is not liable upon a promissory note given by a firm of which, by partnership articles, she and her husband have agreed to be members.

Hoar, J. The plaintiff in review was one of several defendants in the original action, and she alone petitioned for a review ; and the writ of review issued in her name only. The objection that the other defendants should have been joined is met by the express provision of the statute. Rev. Sts. *c.* 99, § 16. Gen. Sts. *c.* 146, § 36.

The original action was upon two promissory notes, dated November 3, 1857, and signed by J. H. Lord & Company, a

partnership carrying on the business of manufacturers of earthen ware in Boston; and the plaintiff in review was sued as one of the copartners. She is a married woman, and was married to Joseph H. Lord November 14, 1855. The lease and contract, by virtue of which it is contended that she was liable as a partner, are dated June 1, 1857. The alleged copartnership was with her husband, Joseph H. Lord, and three other persons, who were joined as co-defendants.

The learned judge who presided at the trial ruled that the plaintiff in review was not liable in the suit, and reported the case for the decision of this court. The construction of the contract relied upon to sustain the action is not free from difficulty, and it has been argued in her behalf that it would not have made her liable as a partner, if her capacity to enter into a partnership were unquestioned. But we have not found it necessary to pursue that investigation, because the result, to which the court have come upon the interesting and more general question which the case presents, has rendered it immaterial.

That question is, whether it is in the power of a married woman, under the laws of Massachusetts, to form a copartnership with her husband and other persons, with all the consequences and liabilities incident to that relation? If she has this power, it is because it has been expressly conferred by statute. The defendant in review relies upon *St.* 1855, *c.* 304, §§ 3 and 7, and *St.* 1857, *c.* 249, § 2. These statutes have made very great and important changes in the law relating to the rights of married women, their capacity to sue and be sued, and of holding, managing and disposing of property. The *St.* of 1855, *c.* 304, § 3, provides that "any woman hereafter married may, while married, bargain, sell and convey her real and personal property, and enter into any contract in reference to the same, in the same manner as if she were sole," with an exception as to real estate and shares in corporations, not material to this inquiry. Section 7 is as follows: "Any married woman may carry on any trade or business, and perform any labor or services, on her own sole and separate account; and the earnings of any married woman, from her trade, business, labor or

services, shall be her sole and separate property, and may be used and invested by her in her own name; and she may sue and be sued as if sole in regard to her trade, business, labor, services and earnings; and her property, acquired by her trade, business and service, and the proceeds thereof, may be taken on any execution against her."

The *St.* of 1857, *c.* 249, § 2, provides that "any married woman may, while married, bargain, sell and convey her real and personal property, which may now be her sole and separate property, or which may hereafter come to her by descent, devise, bequest or gift of any person except her husband, and enter into any contract in reference to the same, in the same manner as if she were sole," with a similar exception as in the former statute as to real estate and shares in corporations.

The title of these acts is, "An act," and "An act in addition to an act to protect the property of married women." Their leading object is to enable married women to acquire, possess and manage property, without the intervention of a trustee, free from the interference or control, and without liability for the debts, of their husbands. They are in derogation of the common law, and certainly are not to be extended by construction. And we cannot perceive in them any intention to confer upon a married woman the power to make any contract with her husband, or to convey to him any property, or receive any conveyance from him. The power to form a copartnership includes the power to create a community of property, with a joint power of disposal, and a mutual liability for the contracts and acts of all the partners. To enter into a partnership in business with her husband would subject her property to his control in a manner hardly consistent with the separation which it is the purpose of the statute to secure, and might subject her to an indefinite liability for his engagements. The property invested in such an enterprise would cease to be her "sole and separate" property. The power to arrange the terms of such a contract would open a wide door to fraud in relation to the property of the husband. The property which a married woman may acquire and dispose of by *St.* 1857, includes such as may come to her "by gift of any

person except her husband," clearly indicating that a gift from him was not to be recognized as creating any title to property in her. If she could contract with her husband, it would seem to follow that she could sue him and be sued by him. How such suits could be conducted, with the incidents in respect to discovery, the right of parties to testify, and to call the opposite party as a witness, without interfering with the rule as to private communications between the husband and wife, it is not easy to perceive; and the consequences which would follow in respect to process for the enforcement of rights fixed by a judgment, arrest, imprisonment, charges of fraud, proceedings *in invitum* under the insolvent laws, and the like, are not of a character to be readily reconciled with the marital relation. We cannot suppose that an alteration in the law involving such momentous results, and a change so radical, could have been contemplated by the legislature, without a much more direct and clear manifestation of its will. And we are all of the opinion that the plaintiff in review could not form a copartnership such as was relied on to maintain the original action against her, and therefore was not bound by a note given in the name of the firm of J. H. Lord & Co.

A similar construction has been given, by the supreme judicial court of Maine, to the general language of statutes which might, in their literal acceptation, have permitted suits between husband and wife, or allowed them to testify for or against each other. *Smith* v. *Gorman*, 41 Maine, 405. *McKeen* v. *Frost*, 46 Maine, 239. *Dwelly* v. *Dwelly*, Ib. 377.

The plaintiff in review is entitled to a judgment upon the verdict, reversing the original judgment against her, with costs, and leaving that judgment in force only against the other original defendants.

*G. S. Boutwell*, for the plaintiff in review.

*N. T. Dow*, for the defendant in review.