### LYDIA LORD *vs.* WILLIAM H. DAVISON & another.

If a married woman has for her own benefit invested her sole and separate money in a firm of which her husband is a member, an assignment by her to a third person of her share, interest, contribution and investment in the firm is a sufficient consideration to support an express promise to pay an agreed price therefor; and such promise, though not in writing, may be enforced, if she, in consideration thereof, relinquished all claim against the firm.

HOAR, J. This is an action depending in some degree upon the contract referred to in the case of *Lord* v. *Parker, ante,* 127. The plaintiff alleges, in the first count of her amended declaration, that she had invested the sum of fourteen hundred dollars in the stock, fixtures and materials of the firm of J. H. Lord & Co.; that the defendants bought said stock, fixtures and materials of said firm, and agreed to pay her one thousand dollars for her share, interest, contribution and investment in said stock, fixtures and materials. The second count alleges that the plaintiff assigned to J. H. Lord & Co. four shares of bank stock, which were invested by them in the assets, fixtures and capital stock of said firm; that the defendants agreed to pay her the value thereof, and in consequence she relinquished all claim therefor upon J. H. Lord & Co. It was proved and admitted at the trial that the defendants bought the stock and property of J. H. Lord & Co.; and there was evidence tending to show that they agreed, in connection with that bargain, to pay the plaintiff for her interest in the property in the manner stated in the declaration; and that in consideration of this agreement she relinquished whatever rights she had against the firm.

The plaintiff is the wife of Joseph H. Lord, and the firm of J. H. Lord & Co. was formed by the written contract before referred to.

The declaration is not framed with much legal nicety or pre ision; but the defendants have not chosen to demur to it, or seasonably to take any objection to it in point of form. It sets forth the promise of the defendants truly; and the consideration for the promise in terms somewhat vague and indistinct, but

still comprehensive enough to include that which was relied on at the trial. The first count alleges in effect that the plaintiff had invested fourteen hundred dollars in the stock, fixtures and materials of the firm of J. H. Lord & Co.; that the defendants bought the said stock, fixtures and materials, and agreed to pay her one thousand dollars " for her share, interest, contribution and investment " therein. The vagueness of this allegation may very likely have arisen from the uncertainty of the parties as to the legal effect of the contract, and their consequent doubts as to the form which the " share and investment" of the plaintiff had assumed.

The presiding judge ruled that she did not become a partner in the firm of J. H. Lord & Co.; and, as we have already decided in the case of *Lord* v. *Parker*, ruled rightly. He also ruled that her investment made her a creditor of the firm, and that she was not the owner of any part of the stock, fixtures and materials; but ruled further that her investment did not become the property of her husband, and declined to rule that she had no claim which she could enforce against the partnership in an action at law. We think these rulings were right, so far as they concerned the case on trial; and that the ruling which the judge refused to make, whether right or wrong, was immaterial.

She invested her money under a written agreement with her husband and the other persons who composed the firm, by which it is obvious that she did not intend to give it to her husband, but to employ it for her own benefit, as her separate property. If she could not contract with her husband, she had rights against the other contracting parties which were at least equitable, if not very well defined. An assignment, relinquishment and transfer of all her claims arising from the investment she had made, regarded by herself and by the defendants as valuable, and which, so far as appears, were not contested by the firm of J. H. Lord & Co., would certainly constitute a sufficient consideration to support an express promise. She had no more given this right of property to her husband than she had to the other members of the firm.

These considerations dispose of all the exceptions taken by the defendants, but the one which relates to the ruling of the court that a parol promise was sufficient to maintain the action. It has been argued that the promise was to pay the debt of another, and was therefore within the statute of frauds. But as the claim of the plaintiff against the original debtor was extinguished by the new promise, it was a substituted, and not a collateral undertaking, and the statute of frauds does not apply to it. *Wood* v. *Corcoran,* 1 Allen, 405, and cases there cited.

*Exceptions overruled.*

*G. S. Boutwell,* for the plaintiff.
*C. Smith,* for the defendants.