WARREN MACPHERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 34673.  Promulgated April 22, 1930.

Louis Kofsky, Esq., for the petitioner.
F. R. Shearer, Esq., for the respondent.

LANSDON: The single issue here is whether the amounts which the respondent added to the income of the petitioner in the taxable years in the circumstances set forth are taxable to him. In support of his action the respondent denies (1) that the purported partnership agreement was valid under the laws of Massachusetts, (2) that petitioner's wife ever acquired any interest in the Cambridge Rubber Co., and (3) that any portion of the income from such business in 1922 and 1923 was separate income of the petitioner's wife in the taxable years.

Since we are concerned only with the income of the petitioner, it is not necessary to decide whether the amounts in question were the income of the wife and taxable to her. The evidence is clear that the petitioner was the owner of no more than a 30 per cent interest in Cambridge Rubber Co. Petitioner testified to that effect and his testimony is corroborated by his associates. This contention is also supported by the partnership agreement. Whether valid or not for the purpose of effecting a partnership under the laws of Massachusetts, that instrument is evidence of the relative interest of the parties thereto. The evidence shows very clearly that the petitioner's wife owned a 20 per cent interest in the business. There is nothing in the partnership agreement that can be construed as assignment of any part of that interest to the petitioner or any of the other associates, either individually or severally. In *Lord* v. *Parker*, 85 Mass. 127, the Supreme Court of Massachusetts said:

> She invested her money under a *written agreement with her husband and the other persons who composed the firm*, by which it is obvious that she did not intend to give it to her husband, but to employ it for her own benefit, as her separate property. If she could not contract with her husband, she had rights against the other contracting parties, which were at least equitable, if not well defined. An assignment, relinquishment and transfer of all her claims arising from the investment she had made, regarded by herself and by the defendants as valuable, and which, so far as appears, were not contested by the firm of J. H. Lord & Co., would certainly constitute a sufficient consideration to support an express promise. She had no more given this right of property to her husband than she had to the other members of the firm. *Lord* v. *Davison*, 85 Mass. 131 (1861).

As the petitioner owned only 30 per cent of the Cambridge Rubber Co., it follows that he is taxable only on that proportion of the distributable net profits thereof unless under the laws of Massachusetts income from property separately owned by the wife is taxable to the husband. As far back as 1842, Massachusetts began to modify and alleviate the harsh rules of the common law which govern the property relations of husband and wife. In 1906, in *Nolin* v. *Pearson*, 191 Mass. 283, the court, in discussing the

husband's control over the person or property of the wife, said, " His control has been reduced to a minimum, if it has not entirely disappeared." This conclusion is amply supported by a study of chapter 209 of the General Laws of Massachusetts.

In the light of the evidence and the statute and decisions of the Commonwealth of Massachusetts, we are of the opinion that the petitioner is taxable in 1922 and 1923 on only 30 per cent of the distributive profits of the Cambridge Rubber Co. *J. E. Biggs, Sr.*, 15 B. T. A. 1092, and cases cited thereunder.

*Decision will be entered for the petitioner under Rule 50.*