Laura Gernerd *v.* Charles A. Gernerd, Appellant.

185      233
37SC  4579

*Husband and wife—Action—Alienation of husband's affections.*

A wife may maintain an action against one who has wrongfully induced her husband to leave her.

A father who wrongfully induces a son to abandon his wife is liable in damages to the wife, but in such a case a clear case of want of justification on the part of the father should be shown before he should be held responsible.

*Husband and wife—Alienation of husband's affections—Slander.*

Although words spoken be proved to be one of the means employed to induce a husband to leave his wife, yet an action by the wife to recover damages from the person who caused the separation is not, either in form or in substance, an action of slander, and the statute of limitations relating thereto does not apply.

Argued Feb. 1, 1898. Appeal, No. 116, Jan. T., 1897, by defendant, from judgment of C. P. Lehigh Co., Nov. T., 1895, No. 8, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for wrongfully inducing a husband to separate from his wife. Before ALBRIGHT, P. J.

At the trial it appeared that the defendant was the father of plaintiff's husband; that the plaintiff and her husband lived on the defendant's farm, and that the son worked for his father. The plaintiff offered testimony which tended to show that the defendant, by constant disparagement of plaintiff, and by an unfriendly manner when he was in her presence, and by threats, and probably by promises, induced the son to leave his wife. The testimony showed that defendant had called plaintiff a "dirty slop;" had said that his son was an "ox to have married her;" that she "could not cook, could not bake, could not clean anything;" that if he were his son he would not live with her; that she was a "glutton and a negro;" and that she was "Irish." The testimony showed that he had told his son that if he lived with her again that he would disinherit him.

The evidence also showed that the defendant had furnished the money with which his son might go away, and had himself driven his son to the railroad station.

Defendant's points and the answers thereto were among others as follows:

1. The slanderous words alleged to have been spoken by the defendant concerning the plaintiff were spoken more than one year before the commencement of this action, and is therefore barred by the statute of limitation. *Answer:* Negatived. [1]

2. The action not having been commenced until more than two years after the alleged wrongs done by the defendant it is barred by the statute of limitation. *Answer:* Negatived. [2]

3. There is not sufficient evidence to warrant the jury in finding that any unlawful act on the part of the defendant was the inducing and moving cause of the separation of the plaintiff from her husband. *Answer:* Negatived. Whether or not the plaintiff's allegation as to this is proved is left to the jury for their decision. [4]

Plaintiff's points and the answers thereto were as follows:

1. A wife may maintain an action for the loss of the society, consortium, companionship, aid and assistance of her husband, against one who wrongfully and maliciously, wickedly and unjustly induces and procures, advises, aids and assists her husband to abandon her or drive her away. *Answer:* Affirmed. [5]

2. If the jury find that C. A. Gernerd, the defendant, maliciously, wrongfully, wickedly, unlawfully contrived, with the express purpose, the plaintiff and her said husband to separate in their domestic relations, and to deprive the said plaintiff of the care, society, aid and companionship of her said husband, and did advise, aid and assist and, by promises and threats, procure and cause the said Joseph Gernerd, the plaintiff's husband, to become alienated in feeling and affection, and caused the said Joseph Gernerd to leave the said plaintiff and refuse to live with her, then the plaintiff is entitled to recover. *Answer:* Affirmed. [6]

Verdict for plaintiff for $2,500. On remittitur filed judgment was entered for $2,000. Defendant appealed.

*Errors assigned* among others were (1, 2, 4, 5, 6) above instructions, quoting them; (3) in not sustaining the defendant's special demurrer which reads:

And now March 3, 1896, the defendant, by Evan Holben, his attorney, comes and says that the statement is not sufficient in

law to maintain the plaintiff's action and demurs thereto and in support of said demurrer the defendant gives the following reasons:

1. Because there is no precedent in law for the action.

2. Because the statement does not set forth a legal cause of action.

3. The action being for defamatory words alleged to have been spoken by the defendant of and concerning the plaintiff, and not having been commenced within one year after the alleged words had been spoken the action is barred.

The defendant therefore prays that the case be dismissed.

*R. E. Wright,* with him *Evan Holben,* for appellant.—The action is founded upon alleged injurious words spoken by the defendant. The gist of the action is the special damage that followed in consequence of the speaking and publication of the alleged injurious words: Phillips v. Hoefer, 1 Pa. 62; Pollock on Law of Torts, 162; Lynch v. Knight, 9 H. L. C. 589; Com. v. Haas, 57 Pa. 445.

A master has a right, bona fide, to charge his servant for any supposed misconduct in his service, and to give him admonition and blame, and we think that the simple circumstance of the master exercising that right in the presence of another does by no means of necessity take away from it the protection which the law would otherwise afford: Smith on Master and Servant, 410.

*Edward Harvey,* with him *E. J. Lichtenwalner,* for appellee. —This action was not for slander: Lynch v. Knight, 9 H. L. C. 577.

For personal injuries a married woman may maintain an action in her own name: Carr v. City of Easton, 142 Pa. 139; Kelley v. Twp., 154 Pa. 440; May v. May, 62 Pa. 206; R. R. v. Jones, 128 Pa. 308; Fink v. Garman, 40 Pa. 95; 1 Bishop on Married Women, sec. 705; Reeve's Domestic Relations, 87; Lodge v. Hamilton, 2 S. & R. 491; Bigelow on Torts, 153; Cooley on Torts, 227; Van Arnam v. Ayers, 67 Barb. 544; Bennett v. Bennett, 116 N. Y. 584; Clow v. Chapman, 125 Mo. 101; Price v. Price, 91 Iowa, 693.

An action can be maintained by a wife against another who

has alienated from her the affection and deprived her of the society of her husband: Foot v. Card, 58 Conn. 1; Haynes v. Nowlin, 129 Ind. 581; Logan v. Logan, 77 Ind. 558; Lockwood v. Lockwood, 70 N. W. Rep. 784; Warren v. Warren, 89 Mich. 123; Mehrhoff v. Mehrhoff, 26 Fed. Rep. 13; Westlake v. Westlake, 34 Ohio, 621; Clark v. Harlan, 1 Cin. Sup. Ct. R. 418; Baker v. Baker, 16 Abbott's New Cases, 293; Warner v. Miller, 17 Abbott's New Cases, 221; Churchill v. Lewis, 17 Abbott's New Cases, 226; Jaynes v. Jaynes, 39 Hun, 40; Winsmore v. Greenbank, Willes Reps. 577, 580; Price v. Price, 91 Iowa, 693.

OPINION BY MR. JUSTICE FELL, March 28, 1898:

The right of a husband to maintain an action against one who has wrongfully induced his wife to separate from him seems not to have been doubted since the case of Winsmore v. Greenbank, Willes, 577, decided in 1745. The right of a wife to maintain an action for the same cause has been denied, because of the common-law unity of husband and wife and of her want of property in his society and assistance. There was certainly an inconsistency in permitting a recovery when her husband was a necessary party to the action, and she had no separate legal existence or interest, and the damages recovered would belong to him, but the gist of the action is the same in either case. There is no substantial difference in the right which each has to the society, companionship and aid of the other, and the injury is the same whether it affects the husband or the wife. Where the wife has been freed from her common-law disabilities and may sue in her own name and right for torts done her, we see no reason to doubt her right to maintain an action against one who has wrongfully induced her husband to leave her. Generally this right has been recognized and sustained in jurisdictions where she has the capacity to sue, notably in the cases of Bennett v. Bennett, 116 N. Y. 584; Foot v. Card, 58 Conn. 4; Seaver v. Adams, 19 Atl. Rep. 776 (N. H.), Westlake v. Westlake, 34 Ohio, 621; Haynes v. Nowlin, 129 Ind. 581; Warren v. Warren, 89 Mich. 123; Bassett v. Bassett, 20 Ill. App. 543; Price v. Price, 91 Iowa, 693; Clow v. Chapman, 125 Mo. 101; Mehrhoff v. Mehrhoff, 26 Fed. Rep. 13 (Kas.). The New York and Indiana cases cited overrule the

earlier cases in those states in which a different conclusion had been reached. The only decisions in which we find the right denied are Duffies v. Duffies, 76 Wis. 374, and Doe v. Roe, 82 Me. 503. Of late years the right of the wife to sue has generally been maintained by text writers. It is said in Bigelow on Torts, 153 : " To entice away or corrupt the mind and affection of one's consort is a civil wrong for which the offender is liable to the injured husband or wife." And in Cooley on Torts, 228, note : " We see no reason why such an action should not be supported, where by statute the wife is allowed for her own benefit to sue for personal wrongs suffered by her." In Jaggard on Torts, p. 467, many of the cases on the subject are referred to, and the conclusion is thus stated : " On the other hand it has been insisted that in natural justice no reason exists why the right of the wife to maintain an action against the seducer of her husband should not be coextensive with the right of action against her seducer. The weight of authorities and the tendency of the legislation strongly incline to the latter opinion." The same proposition is stated in 1 Am. & Eng. Ency. of Law, p. 166, second edition, and in 1 Bishop on Marriage, Divorce and Separation, sec. 1358.

The defendant in this action was the father of the plaintiff's husband, and the case was one to be carefully guarded at the trial. The intent with which he acted was material in determining his liability. It was his right to advise his son, and in so doing in good faith, and with a proper motive, he should not be regarded in the same light as a mere intermeddler. A clear case of want of justification on the part of the parents should be shown before they should be held responsible : Cooley on Torts, 265 ; Hutcheson v. Peck, 5 Johns. 196 ; Bennett v. Smith, 21 Barb. (N. Y.) 439 ; Huling v. Huling, 32 Ill. App. 519 ; Tasker v. Stanley, 153 Mass. 148 ; Fratina v. Caslini, 44 Am. State Rep. 850, note.

On the trial the plaintiff was held to distinct and clear proof that the defendant wrongfully and maliciously caused her husband to abandon her. Every right which the defendant could properly claim in this regard was carefully stated in a very clear and adequate charge.

The claim that the action was in effect an action for words spoken, and consequently barred by the statute of limitations

cannot be sustained. It was not, either in form or in substance, an action of slander, and the words proved were only one of the many means employed by the defendant to effect his purpose.

The judgment is affirmed.