ANNA NOLIN vs. MARION PEARSON.

Essex.   November 10, 1905. — April 2, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Husband and Wife.   Criminal Conversation.   Alienation of Affection.*

Rights and liabilities of married women discussed by BRALEY, J.

A married woman may maintain an action against another woman for purposely debauching and carnally knowing the plaintiff's husband whereby his affection for the plaintiff was alienated and destroyed and the plaintiff was deprived of his society and aid.

TORT for alleged criminal conversation with the plaintiff's husband.   Writ dated March 18, 1905.

The declaration was as follows:

"1st count.   And the plaintiff says the defendant, contriving and wrongfully intending to injure the plaintiff and to deprive her of the comfort, society, aid and assistance of Philip Nolin, the husband of the plaintiff, and to alienate and destroy his affection for her, heretofore, viz. on or about the 10th day of December, 1904, and on or about the 17th day of December, 1904, and on or about the 27th day of January, 1905, and on or about the 4th and 5th days of February, 1905, and on or about the 18th day of March, 1905, and on divers other days and dates between said 10th day of December, 1904 and said 18th day of March, 1905 to said plaintiff unknown, wrongfully and wickedly debauched and carnally knew the plaintiff's said husband, he being then and ever since the husband of the plaintiff, by means whereof his affection for the plaintiff was wholly alienated and destroyed, and by reason of the premises, the plaintiff has wholly lost the comfort, society, aid and assistance of her said husband, which during all the time aforesaid she might and ought to have had.

"2d count.   And the plaintiff further says the defendant contriving and wrongfully intending to injure the plaintiff and to deprive her of the comfort, society, aid and assistance of Philip Nolin, the husband of the plaintiff, and to alienate and destroy his affection for her, unlawfully and unjustly gained the affections of her said husband, and persuaded, procured and

enticed her said husband to leave the house of the plaintiff and to continue absent from the same, by means of which persuasion and enticement he did continue absent for a long period of time and up to the bringing of this suit, whereby the plaintiff lost the company, society, aid and assistance of her said husband, and his affection for the plaintiff was wholly alienated and destroyed."

The defendant demurred to the declaration. In the Superior Court *Gaskill*, J. sustained the demurrer and ordered judgment for the defendant. The plaintiff appealed.

*E. S. Abbott*, for the plaintiff.

*E. Foss*, for the defendant.

BRALEY, J. The early common law recognized and upheld the doctrine that for most purposes husband and wife formed a single person, represented by the husband, and as a consequence of this legal merger it has been said " that is, the very being or legal existence of the woman is suspended during the marriage, or at least is incorporated and consolidated into that of the husband. . . . Upon this principle, of a union of person in husband and wife, depend almost all the legal rights, duties, and disabilities, that either of them acquire by the marriage," and " The wife . . . hath no separate interest in anything during her coverture." 1 Bl. Com. (Sharswood's ed.) 442, 445 ; 2 ibid. 143. Or, as pointedly and accurately stated in *Dixon* v. *Amerman*, 181 Mass. 430, 431, with a reference to the early English authorities, the wife was considered the husband's chattel.

Personal property in her possession upon marriage passed to him, and could be levied upon for his debts, or bequeathed by him to strangers, and he also took during coverture a sole estate in her lands which she could not alien unless he joined, or devise even with his assent, unless when exercising a power granted to her at the creating of the estate, nor derive any benefit or income therefrom by any contract which she could make separately. *Hanlon* v. *Thayer*, Quincy, 99. *Fowler* v. *Shearer*, 7 Mass. 14. *Legg* v. *Legg*, 8 Mass. 99. *Osgood* v. *Breed*, 12 Mass. 525. *Lowell* v. *Daniels*, 2 Gray, 161, 168. *Hawkins* v. *Providence & Worcester Railroad*, 119 Mass. 596. *Washburn* v. *Hale*, 10 Pick. 429. *Clapp* v. *Stoughton*, 10 Pick. 463, 468, 469. *Ames* v. *Chew*, 5 Met. 320. *Gerry* v. *Gerry*, 11 Gray, 381. *Bartlett* v. *Cowles*, 15 Gray, 445, 446.

Without her consent damages for injury to her person or reputation also might be released by him, or if collected in her lifetime they became his separate property, and as a husband he had the right moderately to chastise his wife, although it was declared by the Colony in 1641 that she should be free from corporal correction by him. *Southworth* v. *Packard,* 7 Mass. 95. *Kelley* v. *New York, New Haven, & Hartford Railroad,* 168 Mass. 308, 311, and cases there cited. *Phillips* v. *Barnet,* 1 Q. B. D. 436, 438. Bac. Abr. *Baron & Feme* (B). Col. Laws, 1660 (Whitmore's ed.) 51. See *Commonwealth* v. *McAfee,* 108 Mass. 458.

While the common law prevails in this Commonwealth except so far as it may have been modified by statute, it is obvious from this brief reference to some of its provisions that the development of modern society would imperatively call from time to time for the modification or abrogation of many if not all of these archaic conditions. *Dunn* v. *Sargent,* 101 Mass. 336, 338. Cooley Const. Lim. (7th ed.) 484, 485. Beginning with the St. of 1842, c. 74, and by subsequent statutory enactments the separate legal existence of a married woman as to her right to hold and dispose of property both real and personal as well as the right to her person has been gradually recognized and established. Sts. 1845, c. 208; 1846, c. 209; 1855, c. 304; 1857, c. 249. Gen. Sts. c. 108. Sts. 1864, c. 276; 1868, c. 95; 1869, c. 409; 1871, c. 312; 1874, c. 184. Pub. Sts. c. 147. R. L. c. 153.

This remedial legislation has resulted in very largely impairing the unity of husband and wife as it existed at common law. *Butler* v. *Ives,* 139 Mass. 202, 203. *Bradford* v. *Worcester,* 184 Mass. 557, 561.

It also must be taken as settled that for the purposes of divorce, of separate maintenance and of public charitable relief she may have a separate domicil, and is absolutely entitled to her personal liberty and earnings, with a corresponding liability for her debts and contracts, and for torts committed by her or by her husband under her direction. *Osgood* v. *Osgood,* 153 Mass. 38. *Burtis* v. *Burtis,* 161 Mass. 508. *Bradford* v. *Worcester, ubi supra. McCarty* v. *De Best,* 120 Mass. 89. *Shane* v. *Lyons,* 172 Mass. 199, 200.

If the husband still is recognized as nominally the head of the family, and as such may determine their common residence, for the proper conduct of which he may be responsible under the criminal law, his control over the person or property of his wife has been reduced to a minimum, if it has not entirely disappeared. *Harmon* v. *Old Colony Railroad*, 165 Mass. 100. *Kerslake* v. *Cummings*, 180 Mass. 65, 68. *Bradford* v. *Worcester*, *ubi supra.*

But he retains the unmodified right to her conjugal society, even if her refusal to recognize this right affords him no ground for an absolute divorce, and he may recover damages for loss of consortium when caused by injuries to her person through the wrongs of others, as well as for criminal conversation with her. *Southwick* v. *Southwick*, 97 Mass. 327. *Bigaouette* v. *Paulet*, 134 Mass. 123, 126. *Kelley* v. *New York, New Haven, & Hartford Railroad, ubi supra.*

In *Kelley* v. *New York, New Haven, & Hartford Railroad*, while recognizing this right in the husband, it was stated in the closing paragraph of the opinion that the wife had no corresponding right which she could enforce at common law, but whether she had by statute was left undecided. The question then left open is now presented for our decision.

When approached in the light of an abstract right arising from and incidental to the civil institution known as marriage, but which as between the parties is treated as a contract, and the consequent conjugal relation, there is great inherent difficulty in sustaining the proposition that while the husband can demand the right of exclusive marital aid and affection, the wife has no equivalent right, or that a sound public policy requires that she shall remain faithful to her marriage obligations, although he is at liberty to enter upon a course of conduct which may render further marital relations on her part impossible.

By the contract each spouse is entitled to the conjugal society and comfort of the other, and this association is one of the mutual obligations growing out of the union of husband and wife. The affection and comfort which each is supposed to derive from the society of the other springs from the joint relation, and is as valuable and important to her as to him. The case of *Lynch* v. *Knight*, 9 H. L. Cas. 577, is not an authority to the contrary, as

that was a suit for slander brought by the wife who joined the husband for conformity, and the words spoken of her not being actionable in themselves the special damage alleged was that in consequence of the slander she had been compelled by her husband to leave his house, with the consequent loss of his conjugal society. While the decision was placed upon the ground that the act of the husband was not such a natural and probable result of the words spoken as would make the defendant liable in damages, the question whether the right of consortium was confined to the husband alone although discussed was left undecided. In the judgments of Lord Chancellor Campbell and Lord Cranworth both were inclined to the view that this right was not limited to the husband, but extended to the wife, while Lord Wensleydale was of opinion that such a right on her part did not exist. Its existence, however, has always been recognized and enforced by the ecclesiastical courts in a suit by a wife for the restitution of conjugal rights, where in defence nothing less than conduct which would be sufficient to entitle the respondent to a judicial separation was a bar to the relief sought. *Orme* v. *Orme*, 2 Add. Eccl. 382. 1 Bish. Mar., Div. & Sep. §§ 69, 1357. *Burroughs* v. *Burroughs*, 2 Sw. & Tr. 303.

The absolute privilege of each to the conjugal society of the other must be considered as embracing the persons of both, with no distinction in favor of one as against the other, and this equal companionship and aid in the founding and maintenance of the home and in the rearing of offspring is the foundation upon which this most important of all the domestic relations rests. *Bennett* v. *Bennett*, 116 N. Y. 584. *Warren* v. *Warren*, 89 Mich. 123. *Smith* v. *Smith*, 98 Tenn. 101, 105.

. At common law because the debauching or seduction of the wife was an "invasion of his exclusive right to marital intercourse . . . and the right to beget his own children," the husband was allowed to maintain an action for the loss of such aid, comfort and society as she would be expected to bestow upon him, although there might be no impairment of her services or assistance in the sense that she performed labor in the management or supervision of his household. *Hadley* v. *Heywood*, 121 Mass. 236. *Bigaouette* v. *Paulet*, 134 Mass. 123. *Neville* v. *Gile*, 174 Mass. 305. *Evans* v. *O'Connor*, 174 Mass. 287, 291. *Hough-*

*ton* v. *Rice*, 174 Mass. 366. But it early was recognized that if the wife was enticed away, and abandoned her husband, or was subjected to physical violence whereby she became disabled he could sue for damages suffered by him from the wrongdoer, and either action could be maintained independently of proof of her adultery. 2 Bl. Com. (Sharswood's ed.) 139. *Hyde* v. *Scyssor*, Cro. Jac. 538. *Winsmore* v. *Greenbank*, Willes, 577. *Tasker* v. *Stanley*, 153 Mass. 148. *Crocker* v. *Crocker*, 98 Fed. Rep. 702.

In England by the "Matrimonial Causes Act," St. 20 & 21 Vict. c. 85, § 59, the common law action for criminal conversation has been abolished, yet by §§ 28 and 33 the husband may on a petition against the adulterer alone, or upon joining him as co-respondent in a petition against his wife for dissolution of the marriage recover damages to be assessed by a jury as in an action at law. *Comyn* v. *Comyn*, 32 L. J. (N. S.) P. & M. 210. *Bernstein* v. *Bernstein*, 69 L. T. (N. S.) 513. Under this act there has been no abrogation of the husband's right of action against the adulterer, but only a change as to the form of remedy. Eversley, Domestic Relations, (2d ed.) 170, 171. It also leaves unaffected his cause of action for enticing his wife to abandon him, or to recover for loss of consortium when caused by physical injury to her person.

By the St. of 1874, c. 184, § 3, now R. L. c. 153, § 6, the disability of coverture, exclusive of suits between husband and wife, has been removed, and since the first enactment she has been liable to be sued, and might bring suit in the same manner as if sole. In consequence of this broad and comprehensive language she became so far as civil procedure is concerned discovert as to all persons except her husband, and whenever injured in her person or estate a married woman may bring suit in her own name against the wrongdoer for damages suffered, which upon recovery become her exclusive property. *Jordan* v. *Middlesex Railroad*, 138 Mass. 425. *Lombard* v. *Morse*, 155 Mass. 136, 140. *Harmon* v. *Old Colony Railroad*, 165 Mass. 100.

The loss of the essential element of matrimonial fellowship afforded by the husband's society and exclusively given to her by the contract of marriage, when accomplished by his seduction at the inducement of another woman is an injury as tangible and from which she may suffer as acutely and with more disas-

trous consequences to herself than from loss of reputation caused by libel or slander in which compensatory damages for mental suffering may be assessed; or from the injury, if under R. L. c. 153, § 10, she is engaged in business on her separate account, that may follow from malevolently depriving her of possible custom, when such a result is accomplished otherwise than by fair competition; or from the wrong caused by the violation of contracts of service between her and those she employs where a breach by the servant is induced without justifiable cause by the intentional acts of strangers, although in all of these instances the law gives to her an ample remedy. *Hastings* v. *Stetson*, 130 Mass. 76. *Walker* v. *Cronin*, 107 Mass. 555. *May* v. *Wood*, 172 Mass. 11, 15. *Moran* v. *Dunphy*, 177 Mass. 485, 487. *Temperton* v. *Russell*, [1893] 1 Q. B. 715.

Our statute, as we have said, is expressed in the broadest terms. It permits a recovery by a married woman not only for injury in any form done to her person or property, but for damages which flow from a wrong suffered from a violation of personal rights. The allegations of the declaration disclose not only the commission of a felony, but all the elements of a wrongful act deliberately done for the purpose of working an injury to the plaintiff, and which actually has been accomplished. R. L. c. 212, § 10; c. 215, § 1. *Morasse* v. *Brochu*, 151 Mass. 567, 574.

If the duty of keeping his marital covenant rested on the husband, who has failed to perform it, none the less the plaintiff had a right to be protected from the intended unlawful acts, and wilful interference of the defendant. *Winsmore* v. *Greenbank, ubi supra. Plant* v. *Woods*, 176 Mass. 492, 498. *Tasker* v. *Stanley, ubi supra.* See *Moran* v. *Dunphy, ubi supra; Lumley* v. *Gye*, 2 El. & Bl. 216; *Bowen* v. *Hall*, 6 Q. B. D. 333; *Aikens* v. *Wisconsin*, 195 U. S. 194, 204.

The defendant admits by her demurrer that she purposely persuaded and enticed the plaintiff's husband to commit adultery, and to refuse performance of his marital obligations, and also induced him to abandon his home, and his wife, and by these means the possession of his companionship conferred upon the plaintiff by the contract of marriage has been lost and destroyed. This is distinctly a wrong because depriving her

of the consortium of her husband, for which she can by force of our laws maintain an action, without joining him as a party plaintiff, and the damages suffered when recovered are her separate property.

That no precedent of this court is found for the present action, which is of first impression, is not conclusive against the plaintiff, and is of little weight. If she has suffered an injury intentionally inflicted, followed by damage, she ought not to be remediless unless relief is refused by reason of an absolute legal prohibition, which we do not find. *Hastings* v. *Livermore,* 7 Gray, 194, 197. *Rice* v. *Coolidge,* 121 Mass. 393, 397.

We are aware that in a few jurisdictions either from the construction of enabling statutes, which are held to confer upon a married woman only the right to sue for injuries to her person or for damages to her property, or for reasons of public policy, a cause of action for criminal conversation with her husband has been denied. See *Duffies* v. *Duffies,* 76 Wis. 374; *Hodge* v. *Wetzler,* 40 Vroom, 490; *Lellis* v. *Lambert,* 24 Ont. App. 653; *Doe* v. *Roe,* 82 Maine, 503; *Morgan* v. *Martin,* 92 Maine, 190.

But the conclusion to which we have come is supported by the great weight of American authority. *Seaver* v. *Adams,* 66 N. H. 142. *Foot* v. *Card,* 58 Conn. 1. *Hart* v. *Knapp,* 76 Conn. 135. *Bennett* v. *Bennett,* 116 N. Y. 584. *Gernerd* v. *Gernerd,* 185 Penn. St. 233. *Warren* v. *Warren,* 89 Mich. 123. *Wolf* v. *Frank,* 92 Md. 138. *Brown* v. *Brown,* 124 N. C. 19. *Tucker* v. *Tucker,* 74 Miss. 93. *Smith* v. *Smith,* 98 Tenn. 101. *Deitzman* v. *Mullin,* 108 Ky. 610. *Westlake* v. *Westlake,* 34 Ohio St. 621. *Haynes* v. *Nowlin,* 129 Ind. 581. *Betser* v. *Betser,* 186 Ill. 537. *Rice* v. *Rice,* 104 Mich. 371. *Clow* v. *Chapman,* 125 Mo. 101. *Nichols* v. *Nichols,* 134 Mo. 187; *S. C.* 147 Mo. 387. *Mehrhoff* v. *Mehrhoff,* 26 Fed. Rep. 13. *Waldron* v. *Waldron,* 45 Fed. Rep. 315. *Eagon* v. *Eagon,* 60 Kans. 697. *Price* v. *Price,* 91 Iowa, 693. *King* v. *Hanson,* 99 N. W. Rep. 1085 (No. Dak.). *Williams* v. *Williams,* 20 Col. 51. *Hodgkinson* v. *Hodgkinson,* 43 Neb. 269. *Humphrey* v. *Pope,* 122 Cal. 253. *Beach* v. *Brown,* 20 Wash. 266.

           *Judgment reversed; demurrer overruled.*