## ANDERSON *v.* McGILL CLUB

No. 2785

May 5, 1928.                                    266 P. 913.

*C. E. Handwright,* for Appellant:

*Chandler & Quayle,* for Respondent:

## OPINION

By the Court, SANDERS, C. J.:

The complaint in this action for damages is entitled Gladys Anderson and her husband, Chet Anderson, plaintiffs, against McGill Club, a corporation, defendant. Though it is not so alleged, expressions in the complaint

indicate that Chet Anderson joined in bringing the action for conformity. We shall therefore refer to Mrs. Anderson as plaintiff and to the McGill Club as defendant.

According to the complaint, the Andersons resided with their two minor children at McGill, Nevada, where the husband was employed as a clerk on a salary, his only income for the support and maintenance of himself and his dependents. The defendant is a Nevada corporation, doing business at McGill under the name McGill Club, and in connection with its business conducts a gambling room, a public nuisance. The complaint charges that, between the months of May, 1926, and February, 1927, the defendant did, knowingly, willfully, maliciously, and unlawfully in a spirit of recklessness and from wanton and malicious motives, procure, permit, and tempt divers persons, including Chet Anderson, to frequent said room and habitually engage in playing poker and studhorse poker, from which games the defendant received a share of the money played; that Chet Anderson was of such nature that he could not resist the temptation to gamble, and, being thus tempted, did, without the consent of his wife, spend many hours apart from her in playing poker and in losing portions of his salary, whereby she was deprived of the companionship of her husband, and of the money upon which she relied for her support, which caused her many hours of worry, humiliation, and sickness, and lessened her enjoyment of life, to her great damage in the sum of $5,000.

The defendant demurred to the complaint, upon the ground that it did not state a cause of action. The demurrer was sustained, and, plaintiff declining to plead further, a final judgment was entered dismissing the action, from which the plaintiff appeals.

This court is of the opinion that the general demurrer to the complaint was properly sustained, but its members are divided as to the reasons why the complaint is defective. My associates are of the opinion that, with but one exception, the complaint states a cause of action, but I am unable to concur in this view. It

is difficult for me to consider the action seriously. The complaint is a novelty, both in form and substance. No appeal for redress by a wife for a like grievance has ever found its way into court, and I am apprehensive that in their just indignation against the nefarious nuisance maintained by the defendant and in their commendable zeal for the protection of the home and the innocent members of the family my associates have been led to affirm a proposition of law which cannot be sustained.

The embarrassment which seems to attend the disposition of the demurrer arises from the classification of the action. The plaintiff seeks to recover consequential damages for an injury to her marital rights, occasioned by willful, malicious, unlawful, and wanton motives on the part of the defendant in maintaining a nuisance to procure, permit, and tempt divers persons, including plaintiff's husband, to frequent its place of business, and engage habitually in playing draw poker and studhorse poker. It is made a felony in this state by statute for a person to conduct, manage, or carry on any gambling game whatever for any share of the money played, save and except poker, studhorse poker, five hundred, solo and whist, where the deal alternates, and no percentage taken. It is also made a felony for any person to play at any game for money save and except those mentioned. Statutes 1915, p. 462. Notwithstanding this drastic statute designed for the suppression of gambling as a business, the evil has not been fully suppressed. The playing of poker and studhorse poker is excepted from its penalties where the deal alternates and no percentage is taken. The nuisance consists in the defendant's receipt of a share of the money played. The defendant's act was criminal; the act of the husband was voluntary and entirely innocent in the eyes of the law. This being so, it is problematical as to what portion of plaintiff's loss of the society of her husband should be attributed to the defendant and what portion should be attributed to her husband. To obviate the difficulty the pleader attributed the plaintiff's loss of the society of her husband and

that of the money squandered by him in playing to the defendant and excused the husband, upon the assumption that he was of such nature that he could not resist the temptation set before him, by defendant's nuisance, to gamble, which had the effect of withdrawing him from plaintiff's society and causing him to lose money necessary for her support.

My associates take the view that the complaint is fatally defective, in that it contains no allegation to the effect that the plaintiff knew Chet Anderson was plaintiff's husband when he engaged in playing poker in the defendant's place of business. It is proper to state that this objection to the complaint was not urged in the court below nor in this court by counsel for the defendant, and under the rule of the statute, before the judgment is affirmed upon this ground, counsel for plaintiff should be given an opportunity to be heard. Statutes 1923, 163. I am of opinion that if the injury complained of be actionable, it is immaterial to plaintiff's right to recover whether or not the defendant knew Chet Anderson was plaintiff's husband on the occasions he played poker in defendant's place of business. The injury complained of was caused by the defendant's inherently unlawful act. Treating the action as an ordinary suit for damages caused by the unlawful act of another, the fact that the defendant had no knowledge of the marital relations of the Andersons is no defense and, therefore, such knowledge need not be pleaded. When an unlawful act causes injury to another, the motive, intent or design of the wrongdoer is, as a general rule, material only in determining the quantum of the damages. Hussey v. Peebles, 53 Ala. 436. In that case it is said:

"When there is an unlawful injury to the rights of another, it is not essential to civil liability that the mind should concur in the act. It is upon this principle that even a lunatic is liable civiliter for an injury to the person or property of another. * * * In civil actions the intent is immaterial, if the act done be injurious to another."

I am further of the opinion that the complaint is not

defective for the reason assigned by my associates, because the maintenance of a gambling room by the defendant is a public nuisance. In this state a public nuisance is a crime against the order and economy of the state, and every place where gambling is conducted is a public nuisance. Section 6561, Rev. Laws.

The defendant in maintaining the nuisance may reasonably have anticipated the injury which resulted from its conducting a gambling house. I know of no rule of law, civil or criminal, which exempts from liability or responsibility the keeper of a common gambling house for an injury incident to the business, because the keeper did not know the marital status of a particular person who frequented the place and engaged in gambling. Neither public policy not the statute designed to suppress gambling extends such favor or protection to this class of business.

It is contended that this is not an ordinary action to recover damages for injury to the person or property of another, but is an action brought by a wife to recover damages for loss of consortium, occasioned by her husband playing poker in a place condemned and prohibited by law as a public nuisance. I attribute this contention to the pleader's misconception of the proper status of the case. It is not an ordinary action for alienation of affection, nor is it a case against one who, from malicious motives against a wife, causes her husband to abandon her. The gravamen of the complaint is, as above stated, that the defendant willfully, unlawfully and with wanton and malicious motives induced and enticed plaintiff's husband, with others, to frequent its place of business and engage in the hazard of gambling, playing draw and studhorse poker, from which the defendant received a share of the money played. Such an action is not analogous to an ordinary case for loss of consortium. It would be a strained construction of the complaint to hold that the nuisance complained of was willfully and maliciously maintained for the sole purpose of injuring the plaintiff.

Assuming for the purposes of the demurrer that the

action is one for consequential damages to the plaintiff, occasioned by her husband being enticed to play poker in the defendant's gambling room, a public nuisance, may she recover? My conclusion is that she cannot recover. A husband is exposed to the temptations, enticements and allurements of the world, which easily withdraw him from the society of his wife, and the wife had reason to expect all these things when she entered the marriage relation, and her right to his society had all these conditions. Duffies v. Duffies, 45 N. W. 525. In the eyes of the local law plaintiff's husband, in withdrawing himself from her society to play poker, did nothing more than he had a right to do, however reprehensible his conduct as a husband may have been. Public policy condemns his act, but the statute law of Nevada countenances it. If an action by a wife for loss of the society of her husband, occasioned by his playing poker and losing community money, were sustained, such actions would be numberless, and this right of action in the wife would be a most fruitful source of litigation. The loss of the husband's society need not be permanent for a cause of action. For a longer or shorter time, if caused by improper inducements or enticements, the right would accrue. Duffies v. Duffies, supra. Public policy forbids that a multitude of suits should be brought for an act which essentially concerns the public, although in its remote effects it might bear peculiarly upon a particular person or class.

It is argued on behalf of the plaintiff that this action is analogous to one brought by a wife to recover for loss of consortium, caused by the wrongful act of another, in selling habit-forming drugs to a husband weak in mind and body from the excessive use of such drugs, with knowledge. This conclusion drawn from the allegations of the complaint seems to be so far-fetched that no attempt will be made to differentiate this case from those cited in support of the proposition.

Gambling, its prohibition, and private actions of which it is the subject matter have at all times been matters for the lawmaking body to consider. In several of the

states, enabling statutes have been enacted conferring upon a wife the right to recover money lost at gambling by her husband; but, where there is no such statute, it is conceded that she cannot recover. So, in this case, in the absence of a statute authorizing a wife to maintain an action for loss of consortium, occasioned by her husband playing poker in a common gambling house, the plaintiff cannot recover. Plaintiff's action was misconceived, and it was properly dismissed.

Upon the filing of the transcript on appeal from the judgment, counsel for respondent moved to strike parts or portions of the record, upon the ground that they did not constitute a part of the judgment roll as defined by section 5273, Rev. Laws. Upon the authority of several former decisions of this court, the motion is sustained.

The judgment appealed from is affirmed.

DUCKER, J., concurring:

I concur in the order of affirmance. The demurrer admits that the game conducted by the defendant constituted not only a public nuisance but a crime. It also admits that the defendant was instrumental, through the operation of that game, in depriving the plaintiff of the consortium of her husband. The question of law for us to decide is, do the facts thus admitted constitute a cause of action in favor of the plaintiff.

The novelty of the case is not a consideration which can influence us in reaching a decision. 18 N. C. 516, 105 S. E. 206; Harris v. Trust Co., 128 Tenn. 573-579; Kujeck v. Goldman, 150 N. Y. 176; Holleman v. Harward, 119 N. C. 150. The real question for determination is whether the allegations of the complaint show that defendant has by its conduct violated any legal right of the plaintiff. While the husband could recover at common law against one who was guilty of depriving him of the consortium of his wife, the wife could not recover for a like act, but now it is generally conceded that in a proper case the wife may also recover for her loss of consortium of her husband. Nolin v. Pearson,

191 Mass. 283, 4 L. R. A. (N. S.) 643; Hinnant v. Tidewater Power Co., 189 N. C. 122, 126 S. E. 307; Moberg v. Smith (S. D.), 161 N. W. 998; 30 C. J. 1123.

Notwithstanding the foregoing observations, I am of the opinion that the demurrer was properly sustained. All of the authorities make the right of recovery in a suit brought by a wife for damages for loss of consortium turn upon the question of whether there was a direct and intentional invasion by the defendant of the marital relation, existing between the plaintiff and her husband. Holleman v. Harward, 119 N. C. 150, 25 S. E. 972, 34 L. R. A. 803, 56 Am. St. Rep. 672; Hinnant v. Tidewater Power Co., supra; Flandermeyer v. Cooper, 85 Ohio St. 327, 98 N. E. 102, 40 L. R. A. (N. S.) 360, Ann. Cas. 1913A, 983.

Since there is no allegation in the complaint to the effect that the defendant knew that the husband of plaintiff was a married man, nor other allegation covering the point, the demurrer was properly sustained.

COLEMAN, J., I concur in the opinion of Justice DUCKER.

ON PETITION FOR REHEARING

June 5, 1928.