Antonelli *v.* Xenakis, Appellant.

Argued September 26, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Sebastian C. Pugliese,* with him *Lewis J. Nescott,* for appellant.

*Zeno Fritz,* with him *Frank J. Zappala,* for appellee.

OPINION BY MR. JUSTICE JONES, November 14, 1949:

The plaintiff sued in trespass to recover damages from the defendant for the latter's alleged criminal conversation with the plaintiff's wife. The defendant filed preliminary objections which questioned the court's jurisdiction on the grounds that the cause of action, as pleaded by the plaintiff, was for alienation of affections and that the Act of June 22, 1935, P. L. 450, Sec. 1, as amended by the Act of June 25, 1937, P. L. 2317, Sec. 1, 48 PS § 170, abolished such actions save in certain instances not presently material. The learned court below held [1] that the gravaman of the complaint was criminal conversation and that a right of action therefor was not abolished by the Act of 1935, cit. supra. An order dismissing the defendant's preliminary objections was accordingly entered from which the defendant appeals.

The common law has long furnished an aggrieved husband with a right of action against his wife's adulterer for criminal conversation. Blackstone's Commentaries (Lewis' Ed.), Book 3, pp. *139, lists *"adultery, or criminal conversation"* as one of the three principal "Injuries that may be offered to a person, considered as a husband, . . ." and goes on to state that *"Adultery, or criminal conversation* with a man's wife, though it is, as a public crime, left by our laws to the coercion of

---

[1] For a more recent lower court case holding to same effect see *Grove v. Widney* (C. P., Franklin Co.), 68 D. & C. Rpts. 541.

the spiritual courts; yet, considered as a civil injury (and surely there can be no greater,) the law gives a satisfaction to the husband for it by action of trespass *vi et armis* against the adulterer. . . ." In *Tinker v. Colwell*, 193 U. S. 473, 481-485, Mr. Justice PECKHAM, speaking for the Supreme Court of the United States on a question as to whether a judgment for criminal conversation is released by the defendant's discharge in bankruptcy, considered at length the nature of the tort, reviewed cases from England and from various States of the Union and confirmed that, at common law, a husband has a separate right of action for criminal conversation.

Section 685 of the Restatement, Torts, specifically affirms the existence of a cause of action for criminal conversation as distinguished from an action for alienation of affections, which is treated with in § 683. The fact that both of such causes may be joined in one suit is merely a matter of procedural permission: Restatement, Torts, § 683, Comment c. And, while the liability in the two actions is, in general, the same, viz., "for the harm thereby caused to any of [the husband's] legally protected marital interests" (compare § 683 and § 685 of the Restatement, Torts), the causes represent nonetheless two distinct torts,—"one may exist without the other." See Corpus Juris Secundum, Vol. 42, p. 320, § 668, where it is also pointed out that "The lack of necessity for a physical debauchment distinguishes alienation of affections from criminal conversation." And, a single act of adultery is sufficient to entitle the husband of the woman to damages in an action against the adulterer for criminal conversation even though the husband sustains no further loss: see § 683, Comment c. and § 685, Comment b. of the Restatement, Torts. On the other hand, sexual intercourse between the wife and an alienator of her affections is not a requisite to an action for damages for the husband's consequent loss:

Restatement, Torts, § 683, Comment c. Knowledge or belief that a woman is married is essential to liability for alienation of her affections while such knowledge is not necessary to liability for criminal conversation with her. A man who has sexual relations with a woman, not his wife, assumes the risk that she is married. Even her misrepresentation that she is single affords the offender no defense to liability for criminal conversation: Restatement, Torts, §685, Comment d. We think there can be no doubt that alienation of affections and criminal conversation are two separate and distinct torts and that, for each, the common law affords a right of action unless, of course, the same has been statutorily abolished.

The Act of 1935, supra, did not abolish rights of action for criminal conversation. Nowhere therein is that cause mentioned or referred to. Nor may it be read into the statute by implication. The Act being in diminution of the jurisdiction of the courts of Common Pleas of the Commonwealth, it is not to be presumed that the legislature intended thereby to abolish a right of action not expressly brought within the statute's purview. Sec. 58 (7) of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS § 558, requires that all provisions of a law decreasing the jurisdiction of a court of record be strictly construed. Indeed, we do not understand the defendant to contend that the Act of 1935, as amended, abolishes a right of action for criminal conversation if that subject-matter be, as we herein hold it to be, a cause of action separate and distinct from alienation of affections.

The appellant's further contention is that the cause pleaded by the plaintiff is for alienation of affections and not criminal conversation. With that, we do not agree. It is evident from the complaint that the gist of the alleged wrong is that the defendant ". . . on November 29th, 1948, at the City of McKeesport, Allegheny County, Pennsylvania, and on divers other days and times prior

thereto, wrongfully, wickedly, and unjustly debauched and carnally knew the said Mary Antonelli, then and there, and still being the wife of the said plaintiff." And, while it is true, as we have hereinbefore noted, that the elements of damage for which recovery can be had are, broadly speaking, the same for both alienation of affections and criminal conversation, the injuries averred in the instant complaint are such as are peculiarly associated with an action for criminal conversation, e. g., injury to the husband's social position, irreparable disgrace in the community where he lived and was engaged in business and dishonor to himself and his family.

Order affirmed.