## Hoopert v. Obenstine

410

*Metzger & Wickersham* and *Edward E. Knauss*, for plaintiff.

*H. L. Wickey Beck* and *Mark T. Milnor*, for defendant.

BRAHAM, P. J. (fifty-third judicial district, specially presiding), March 28, 1951.—Plaintiff, Helen J. Hoopert, is the wife of George Hoopert. She has brought an action in trespass against Anna Mae Obenstein, defendant, for criminal conversation with her husband. Criminal conversation is the civil action for wrong done a spouse by conduct for which adultery is the criminal action.

The preliminary objections filed by defendant challenge principally the right of a wife, in the existing state of the law in Pennsylvania, to bring suit for criminal conversation. At common law a husband could bring a civil suit for his wife's infidelity but a wife could not sue for her husband's adultery; 42 C. J. S. 352, §697. The husband's power to sue was based upon his personal and exclusive rights to the person of his wife and invasion by another was considered such a violation of his rights and property as would support an action vi et armis; Tinker v. Colwell, 193 U. S. 473. The wife had no such right. This may be attributed to a number of reasons; the wife could not sue for torts to her person without her husband's joinder; she was in a sense her husband's servant; there was the danger of spurious issue to be raised by the husband when she was the adulteress; 3 A. L. I. Restatement of the Law

of Torts §690; Lynch v. Knight (1861), 9 H. L. Cas. 577, 8 Eng. Rul. Cas. 382; Oppenheim v. Kridel, 236 N. Y. 156, 140 N. E. 227, 28 A. L. R. 320; Crocker v. Crocker, 98 Fed. 702.

The controlling view in modern times seems to be that so long as a wife had no general power to sue she was disqualified to bring an action of criminal conversation; but once the general disqualification is removed her suit of this type is proper: Dodge v. Rush, 28 App. D. C. 149, 8 Ann. Cas. 671; Parker v. Newman, 200 Ala. 103, 75 So. 479; Nolin v. Pearson, 191 Mass. 283, 77 N. E. 890.

If the reasoning of the cases last cited be followed it is clear that women in Pennsylvania have been emancipated and empowered to bring such a suit as the one at bar, by the Married Woman's Act of June 8, 1893, P. L. 344, sec. 3, as amended, 48 PS §111, which begins:

"Hereafter a married woman may sue and be sued civilly in all respects and in any form of action and with the same effect and results and consequences as an unmarried person"; etc.

Our construction of this statute makes it really unnecessary to consider whether, with the change of times, women in this State as a matter of common law have not become empowered to bring civil actions for criminal conversation on a parity with their husbands, regardless of statute. This is the view expressed in the A. L. I. Restatement of the Law of Torts, §690. It was certainly the view of Justice Fell in Gernerd v. Gernerd, 185 Pa. 233, 236, although the action there was for alienation of affections. Judge Henry of Lebanon favored this view in Lear v. Bristow, 9 D. & C. 458, as do the text writers; 27 Am. Jur. 135, §535; 42 C. J. S. 352, §698; 4 A. L. R. 569; 28 A. L. R. 327. All in all, it may be confidently asserted that a

married woman may now maintain this action just as a married man can.

The objection that the action of criminal conversation was abolished by the Act of June 22, 1935, P. L. 450, as amended, 48 PS §170, which abolished suits for alienation of affections, cannot be sustained. Antonelli v. Xenakis, 363 Pa. 375, rules exactly the contrary. See also Grove v. Widney, 68 D. & C. 541.

Defendant's preliminary objections demand a "more specific complaint designating therein the cause of action". It is true that some of plaintiff's allegations sound in alienation of affections but she declares unequivocally and clearly that defendant "wrongfully, wickedly and unjustly debauched and carnally knew the said George Hoopert then and there and still being the husband of the plaintiff". This is sufficient to charge criminal conversation. The averments concerning alienation of affections and deprivation of the "comfort, fellowship, society, aid, consortium, support and assistance" of the husband are in their essence averments of damages which may not be passed upon under the pending demurrer. Plaintiff seeks a judgment that defendant had criminal conversation with plaintiff's husband and all money damages which are lawfully recoverable therefor. Defendant's contention that the parties were separated before the events complained of and that therefore plaintiff is not damaged are not averred in the complaint and are hence not before us on demurrer.

Something was said at oral argument about a more specific complaint in the matter of the dates of the intercourse; but no such demand is found in the preliminary objections. The averment that the unlawful intercourse occurred "on or about May of 1949 and on divers other days and times after said month and year and before the commencement of the suit" are believed to be sufficient.

Entertaining these views we make the following

*Order*

Now, March 28, 1951, defendant's preliminary objections are each severally overruled and refused and defendant is directed to answer the averments of the complaint if she so elects as provided by law and the rules of court.