## Hawk v. Mann

*Forrest J. Mervine*, for plaintiff.
*George T. Robinson*, for defendant.

DAVIS, P. J., March 21, 1952.—Nora Hawk brought an action against her sister, Rose Mann, for alienation of affections of her husband, Alvin R. Hawk. Defendant filed a preliminary objection alleging that she did not come within the excepted classes of persons set forth in the act of assembly abolishing such actions.

The Act of June 22, 1935, P. L. 450, sec. 1, as amended by the Act of June 25, 1937, P. L. 2317, sec. 1, 48 PS §170, provides as follows:

"In all civil causes of action for alienation of affections of husband or wife, except in such cases where the defendant is a parent, brother or sister or a person formerly in loco parentis to the plaintiff's spouse, are hereby abolished: Provided, however, That this section shall not apply to causes of action which have heretofore accrued."

If the modifying phrase "to the plaintiff's spouse" applies to each of the four classes named in the statute, namely, parent, brother, sister, a person formerly in loco parentis, then defendant does not come within any of the excepted classes because she is not the sister of plaintiff's spouse but the sister of plaintiff. If we construe the phrase "to the plaintiff's spouse" as modifying or limiting only the relationship of "a person formerly in loco parentis" then any defendant who is a parent, brother or sister would be within the excepted class regardless of the relationship to the parties. Such a construction is unreasonable and absurd and would

offend not only the rules of statutory construction (46 PS §§551, 552) but common sense as well. " 'All laws should receive a sensible construction:' " Dawkins Unemployment Compensation Case—Sun Shipbuilding and Dry Dock Company v. Unemployment Compensation Board of Review, 358 Pa. 224, 233.

If, in accordance with plaintiff's contention, a defendant may be a parent, brother or sister of plaintiff or plaintiff's spouse, what is the peculiar characteristic of a person formerly in loco parentis that would reasonably lead the legislature to restrict the exception to only plaintiff's spouse? We can think of none.

We must not forget this act was passed to correct the abuses that had developed under the former law, and therefore, we should not attempt to enlarge the exceptions beyond the plain intention of the legislature. To our minds the words of the law are clear and free from ambiguity. The civil actions for alienation of affections of husband or wife are abolished except when defendant bears one of four distinct relationships to plaintiff's spouse, namely: (1) parent; (2) brother; (3) sister; (4) a person formerly in loco parentis. Since in this case defendant does not come within any of the four excepted classes we would sustain the preliminary objection and dismiss the action if it were for alienation of affections only. Plaintiff maintains, however, that the allegations in the complaint relating to alienation of affections merge in the allegations of criminal conversation and that actually the action is on the basis of criminal conversation. Defendant takes the position that a married woman may not bring an action for criminal conversation.

At common law, undoubtedly, this was true. However, as the rights of married women under the law were enlarged we find that the various States divided on the question. Certain States still hold that the action is denied to married women. Other States hold

that now a married woman may maintain the action.

"At common law such a cause of action exists in favor of the husband against one who commits adultery with his wife, which is not affected by the Married Women's Property Acts. The wife also, under the Married Women's Acts, according to the great weight of authority, may maintain an action for criminal conversation with her husband,": 27 Am. Jur., 135, §535.

Although we have not been able to find an appellate court case passing upon the question in this State, we do have a recent well reasoned and enlightening opinion by Braham, P. J., fifty-third judicial district, specially presiding in Dauphin County, in the case of Hoopert v. Obenstine, 77 D. & C. 409, holding that a married woman may bring suit for criminal conversation, as follows:

"At common law a husband could bring a civil suit for his wife's infidelity but a wife could not sue for her husband's adultery; 42 C. J. S. 352, §697. The husband's power to sue was based upon his personal and exclusive rights to the person of his wife and invasion by another was considered such a violation of his rights and property as would support an action vi et armis; Tinker v. Colwell, 193 U. S. 473. The wife had no such right. This may be attributed to a number of reasons; the wife could not sue for torts to her person without her husband's joinder; she was in a sense her husband's servant; there was the danger of spurious issue to be raised by the husband when she was the adulteress; 3 A. L. I. Restatement of the Law of Torts, §690; Lynch v. Knight (1861), 9 H. L. Cas. 577, 8 Eng. Rul. Cas. 382; Oppenheim v. Kridel, 236 N. Y. 156, 140 N. E. 227, 28 A. L. R. 320; Crocker v. Crocker, 98 Fed. 702.

"The controlling view in modern times seems to be that so long as a wife had no general power to sue she

was disqualified to bring an action of criminal conversation; but once the general disqualification is removed her suit of this type is proper: Dodge v. Rush, 28 App. D. C. 149, 8 Ann. Cas. 671; Parker v. Newman, 200 Ala. 103, 75 So. 479; Nolin v. Pearson, 191 Mass. 283, 77 N. E. 890.

"If the reasoning of the cases last cited be followed it is clear that women in Pennsylvania have been emancipated and empowered to bring such a suit as the one at bar, by the Married Woman's Act of June 8, 1893, P. L. 344, sec. 3, as amended, 48 PS §111, which begins: 'Hereafter a married woman may sue and be sued civilly in all respects and in any form of action and with the same effect and results and consequences as an unmarried person'; etc.

"Our construction of this statute makes it really unnecessary to consider whether, with the change of times, women in this state as a matter of common law have not become empowered to bring civil actions for criminal conversation on a parity with their husbands, regardless of statute. This is the view expressed in the A. L. I. Restatement of the Law of Torts, §690. It was certainly the view of Justice Fell in Gernerd v. Gernerd, 185 Pa. 233, 236, although the action there was for alienation of affections. Judge Henry of Lebanon favored this view in Lear v. Bristow, 9 D. & C. 458, as do the text writers; 27 Am. Jur. 135, §535; 42 C. J. S. 352, §698; 4 A. L. R. 569; 28 A. L. R. 327. All in all, it may be confidently asserted that a married woman may now maintain this action just as a married man can.

"The objection that the action of criminal conversation was abolished by the Act of June 22, 1935, P. L. 450, as amended, 48 PS §170, which abolished suits for alienation of affections, cannot be sustained. Antonelli v. Xenakis, 363 Pa. 375, rules exactly the contrary. See also Grove v. Widney, 68 D. & C. 541."

We adopt the reasoning of Judge Braham and hold that in Pennsylvania a married woman may maintain an action for criminal conversation.

While it is true that certain of plaintiff's allegations sound in alienation of affections, she, nevertheless, sets forth sufficient facts to charge criminal conversation. Therefore, the preliminary objection must be dismissed.

And now, March 21, 1952, defendant's preliminary objection is overruled and dismissed and defendant is allowed 20 days to answer if she so elects, and plaintiff is allowed 20 days to amend complaint if she so elects.