## Karchner *v.* Mumie, Appellant.

14

Argued November 20, 1959. Before JONES, C. J., BELL, MUSMANNO, COHEN, BOK and MCBRIDE, JJ.

*Conrad A. Falvello,* for appellant.

*Robert J. Gillespie,* for appellee.

OPINION BY MR. JUSTICE MCBRIDE, December 30, 1959:

Plaintiff-wife sought compensatory and punitive damages in trespass for criminal conversation alleged to have occurred between defendant and plaintiff's husband. The jury found for plaintiff and judgment was entered on the verdict.

On this appeal defendant contends that the plaintiff, being a married woman, has no right of action for criminal conversation. There is no appellate Pennsylvania authority on this point. Criminal conversation, at early common law, was an action brought by

the husband against the other man with whom his wife committed adultery. The action was one of trespass vi et armis, *Antonelli v. Xenakis,* 363 Pa. 375, 69 A. 2d 102, and in many states of America was the civil counterpart of the criminal charge of adultery, the only difference being that in the former the private right was vindicated and in the latter the public proscription. Although in other states adultery is no longer a criminal offense it is still so in Pennsylvania and may be punished by fine or imprisonment, or both. Act of June 24, 1939, P.L. 872, §505, 18 P.S. §4505.

In this case the defendant, not being married, would not be guilty of adultery. This factor, however, is not decisive of the present case. It is conceded by both sides that under the common law the parties to a marriage became in legal contemplation one person and that person was the husband and hence a married woman was under a complete disability to institute legal action in her own name. 26 Am. Jur. §19, page 645; 42 C.J.S. 352, §697. Hence, a husband at common law had both a procedural and substantive right of action for criminal conversation against any man who made an adulteress out of his wife, but the wife, on the other hand, not only was under a procedural disability but also had no such substantive right of action.

However, by §3 of the Married Women's Property Act of June 8, 1893, P.L. 344, as amended by the Act of March 27, 1913, P.L. 14, §1, 48 P.S. 111, a married woman, among other things, was given the same right as *an unmarried person* to sue and be sued civilly, with certain exceptions not pertinent hereto. Thus the *procedural* disability to bring suit in her own name was removed and she could thereafter pursue the *substantive* rights of an unmarried person. Hence, appellant argues that since the Act of 1893 was in derogation of common law and having been passed prior to 1937, it must still be strictly construed under the Statu-

tory Construction Act of May 28, 1937, P. L. 1019, art. IV, §58, subsection 8, 46 P.S. §558. This is correct and we would therefore be unable to hold that the Act of 1893 had conferred any substantive right of action for criminal conversation upon a married woman for, as pointed out by appellant, "it will be noticed that the act does not give a married woman the same right to sue or be sued as a husband has." But the general emancipation of women in America did not begin or end with the Act of 1893. Under the earlier common law a married woman had no right whatever to pursue any action against a third person for conduct which caused her the loss of the consortium of her husband. But, nevertheless, we have held that she could pursue an action for personal injury in her own name or even an action for alienation of affections. See *Gernerd v. Gernerd,* 185 Pa. 233, 39 Atl. 884 (1898). An action for such alienation, with certain exceptions, has been abolished.

The minority rule in a few American states still is that a wife cannot maintain an action for criminal conversation. See *Doe v. Roe,* 82 Me. 503, 20 Atl. 83 (1890) ; *Kroessin v. Keller,* 60 Minn. 372, 62 N.W. 438 (1895) ; *Hodge v. Wetzler,* 69 N.J.L. 490, 55 Atl. 49.[1] However, the common law rights of married women have advanced throughout our nation, and now the majority rule in America permits such action. See *Ash v. Prunier,* 105 Fed. 722, 44 C.C.A. 675 (1901) ; *Parker v. Newman,* 75 So. 479 (1917) ; *Foot v. Card,* 58 Conn. 1, 18 Atl. 1027 (1889) ; *Turner v. Heavrin,* 182 Ky. 65, 206 S.W. 23 (1918) ; *Nolin v. Pearson,* 191 Mass. 283, 77 N.E. 890 (1906) ; *Seaver v. Adams,* 66 N.H. 142, 19

---

[1] These cases rest upon the proposition that a wife's infidelity may impose upon a husband the support of another man's child and that it may throw suspicion upon the legitimacy of his own children, a consequence which could not follow his own infidelity.

Atl. 776 (1889); *Breiman v. Paasch,* 7 Abb. (N.Y.) 249 (1879); *Rott v. Goehring,* 33 N.D. 413, 157 N.W. 294 (1916); *Frederick v. Morse,* 88 Vt. 126, 92 Atl. 16 (1914); *Deitzman v. Mullin,* 108 Ky. 610, 57 S.W. 247 (1900). See also, 27 Am. Jur. §535, p. 135.

Nor need we rest decision on the common law. The Act of May 17, 1945, P. L. 625, §1, 48 P.S. §31, amending section 1 of the Act of June 8, 1893, P. L. 344, §1, 48 P.S. §31, so far as pertinent hereto, gave married women the rights not only of "an unmarried person" as in the Act of 1893 but rather the same rights as "a married man." Married women were thus endowed with the same *substantive* rights in respect of property, real and personal, as a married man which they could prosecute in their own name. This was confirmed by §1 of the Act of August 24, 1951, P. L. 1416, which provided with an exception not pertinent here: ". . . hereafter a married woman shall have the same right and power as a married man to acquire, own, possess, control, use, lease, or mortgage, any property of any kind, real, personal or mixed, and either in possession or expectancy, and may exercise the said right and power in the same manner and to the same extent as a married man, but she may not execute or acknowledge a written instrument conveying her real property unless her husband join in such conveyance."

Finally, the Act of July 17, 1957, P. L. 969, which is not pertinent hereto,[2] removed even the disability of a married woman to convey her real property without her husband joining in the conveyance. This act specifically repealed §1 of the Act of June 8, 1893 as amended by §1 of the Act of May 17, 1945 but did not mention §1 of the Act of August 24, 1951.

---

[2] This suit was instituted and tried before the passage of that Act.

It would appear, therefore, that at the time this cause of action arose there was no distinction between the substantive property rights of a married man and a married woman and §3 of the Act of 1893 still procedurally authorized her to sue in her own name as if she were unmarried.

It is to be noted that in *Hoopert v. Obenstine*, 77 Pa. D. & C. 409 (1951) and *Hawk v. Mann*, 86 Pa. D. & C. 58 (1952), two lower courts took the same view as did the court below. There are no lower court cases holding to the contrary. The writer of a note in 56 Dick. L. Rev. pp. 457-63, is to the same effect and the American Law Institute, Restatement of Torts, §690, is in complete agreement.

It would appear, therefore, that criminal conversation is a tort and is redressable by an action of trespass by a wife against one who has sexual intercourse with her husband. The compensatory damages allowable in such an action are injury to the wife's social position, disgrace in the community where she lives or was engaged in business, and dishonor to herself and her family. *Antonelli v. Xenakis*, supra. The trial judge correctly permitted the jury to award punitive damages. *Matheis v. Mazet*, 164 Pa. 580, 30 Atl. 434.

As to defendant's motion for judgment n.o.v., in view of the verdict, all the testimony must be read in the light most favorable to the plaintiff and all conflicts of evidence must be resolved in her favor. It is unnecessary to recite it at length, it being sufficient to say that we agree with the court below that the verdict was not against the evidence or against the weight of the evidence. The case was fairly tried and submitted to the jury in a correct charge.

The judgment is affirmed.

Mr. Justice BELL dissents.