## Geller v. Borine

*Jon C. Sirlin*, for plaintiff.

*Leonard Schaeffer*, for defendant.

TAKIFF, *J.*, January 23, 1976.—These objections are to a complaint in trespass for criminal conversation, which alleges that defendant had sexual relations with plaintiff's wife, causing him embarrassment, grief, etc., and demands compensatory damages in excess of $100,000 and punitive damages in excess of $250,000. The objections are as follows:

1. *Demurrer*. Defendant asserts that the complaint fails to state a cause of action because "an individual cannot purport to have rights to control the actions of another individual, regardless of the relationship of the parties." This generalized language is clarified by defendant's memorandum of law as a challenge to the constitutionality of the

common-law cause of action for criminal conversation, on due process and right to privacy grounds, which are not further explained.

The cause of action for criminal conversation has been abolished by statute in many jurisdictions. However anachronistic, it still exists and is available to both husband and wife in Pennsylvania: Karchner v. Mumie, 398 Pa. 13, 156 A.2d 537 (1959). If change in substantive law is to occur, where the principle has been recognized and followed without exception or deviation in the Commonwealth, it lies in the power of our appellate courts or legislature and not in the hands of a nisi prius court to do so. To do otherwise would be judicially irresponsible.

2. *Motion for more specific pleading.* This motion is based on plaintiff's alleged failure to state the amount of damages sought. The complaint in the file prays for damages as stated above, although the amounts are in ink while the rest of the complaint is typed. As the reply to preliminary objections states: "[i]t is proper under the Pennsylvania Rules of Civil Procedure to ask for amounts in excess or not in excess of $10,000.00, particularly in trespass matters, wherein damages are to be assessed at trial and are within the sound discretion of the trial judge" or the jury, as the case may be.

3. *Motion to strike.* Defendant moves to strike paragraphs 4, 6, 7 and 8 as scandalous and impertinent, and further as conclusions of law. Plaintiff properly replies that these paragraphs state the factual basis required to establish his cause of action.

## ORDER

And now, January 23, 1976, upon consideration of defendant's preliminary objections to plaintiff's

complaint, and plaintiff's response thereto, it is hereby ordered and decreed that said preliminary objections are dismissed and that defendant is ordered to file an answer to plaintiff's complaint in trespass within 20 days or suffer judgment by default.