## Zitzer *versus* Merkel.

. 1. In an action on the case for seduction, evidence of *uniform good conduct* on the part of the female is not admissible in reply to evidence that she permitted improper liberties to be taken with her person by other men about the same time.

2. There is no legal distinction between *character* and *conduct*.

3. In such an action evidence of *general* good character in *the defendant* was not admissible.

ERROR to the Common Pleas of *Cumberland county*.

This was an action on the case by Joseph Merkel *v.* Jacob Zitzer, for seduction of the plaintiff's daughter, a minor of about 17 years of age when the alleged seduction took place. In the second count of the declaration it was averred that a promise of marriage had been previously made. Lucinda, the daughter, was examined to prove the seduction.

On the part of the *defendant* witnesses were examined to prove that about the time the alleged seduction occurred, Lucinda was intimate with other men, and permitted improper liberties to be taken with her person. This, it was stated, was in contradiction of her testimony.

The plaintiff then proposed to prove *the conduct* of Lucinda as a modest, prudent female, and of marked propriety from childhood till the time of her seduction.

Objected to, that there can be no inquiry into the character of a witness; her conduct cannot affect her credibility with the jury: and as to her it is only a question of credibility, and the testimony is irrelevant.

PER CURIAM.—Evidence has been given by defendant to impugn the conduct of Lucinda Merkel for prudence and propriety, and we will permit the plaintiff to give evidence, not of general character in these respects, but of her conduct and deportment by those who can speak from their own personal observation.

[Zitzer v. Merkel.]

Exception was taken.

A number of witnesses were then examined in support of the offer.

On part of *the defendant*, it was then offered to prove his uniform good character.

The Court declared it to be unnecessary to decide whether the evidence would have been admissible if offered at the proper time; but he rejected it as not being rebutting evidence. Second bill.

January 18, 1855, verdict for plaintiff for $1000.

Error was assigned to the admission and rejection of the evidence stated in the bills.

*Watts* and *Hepburn*, for plaintiff in error.—The evidence of the conduct of the daughter had no tendency to establish the affirmative of the issue, or to disprove anything alleged in the testimony on part of the defendant. In a civil suit evidence of the good character of a witness is not admissible until the character is attacked. Evidence of uniform *good conduct* was not admissible: 1 *Camp.* 460; 3 *Id.* 519; 3 *Penn. Rep.* 49–52–3, Wilson v. Sproul; 11 *Harris* 424, Porter v. Seiler.

*Penrose*, with whom were *Miller* and *Sharpe*.—It was said that evidence of general *good character* was admissible when there was a cross-examination in order to contradict the witness as to the *res gestæ*: 3 *Camp.* 519, Dodd v. Norris. But the offer and admission was of *general conduct*, which, though in a legal sense, was treated as synonymous with character, in the opinions in Kimmel v. Kimmel, 3 *Ser. & R.* 336, was not so. General character is reputation arising from conduct; and witnesses to the latter testify to what they have seen, and not to what they have heard. It was not secondary evidence, and, being founded on actual knowledge, was calculated to prove that the defendant's witnesses, who knew the female, during less than three weeks, were mistaken in her person or falsified. The distinction between *character* and *conduct* is noted in 3 *Stephens' Nisi Prius*, ed. of 1844, tit. *Master and Servant*, referring to the case of Magrath v. Browne, *Armstrong & McCartney's Reports*, 136. The case of Bamfield v. Massey, 1 *Camp.* 460, also cited.

The evidence was admissible on the question of damages. If the defendant were the father of the child, the evidence offered on his part would be evidence in mitigation of damages: 7 *Car. & P.* 308.

The evidence of *defendant's* good character did not disprove the charge, or contradict any testimony given on part of plaintiff, and was offered after defendant's testimony in chief had been closed, and after plaintiff's rebutting testimony was closed.

[Zitzer *v.* Merkel.]

The opinion of the Court was delivered, August 14, by

Woodward, J.—This was an action on the case for the seduction of the plaintiff's minor daughter. The defendant gave evidence without objection that about the time of the seduction Lucinda permitted improper liberties to be taken with her person by other men; in reply to which the plaintiff offered, and was permitted under exception, to prove the conduct of Lucinda as a modest, prudent woman, and of marked propriety from childhood up to the time of her seduction. The admission of this evidence is assigned for error.

The rule that general character cannot ·be given in evidence to repel proof of specific facts is not controverted by the counsel for the plaintiff in error; but they rest their argument on a supposed distinction between character and conduct. If there be a metaphysical distinction between character and conduct, we know of no authority in law for admitting evidence of conduct where evidence of character would be excluded. Character or reputation is generally regarded as the voice of the community, but that is just what the conduct of the individual makes it. "The speech of the people," as it is most descriptively called, is suggested by the general tenor of the conduct, so that to prove the one is in effect to prove the other, and the rule of law that would exclude character excludes conduct. The text writers and the adjudged cases generally speak of conduct and character as convertible terms, and such language is accurate enough for all practical purposes. But where any distinction is taken it is for the purpose of saying that the evidence must relate to reputation and not to conduct. See 1 *Greenleaf*, § 55, at the end; and cases cited. I have not access to *Armstrong & McCartney's Irish Reports*, and have not therefore examined the case cited in the note to *Stephens' Nisi Prius;* but if it sustains the position of the plaintiff in error (and as quoted it seems to do so), we cannot follow it, for it would introduce a distinction into the law of evidence which is rather fanciful than real, and which in practice would lead to the subversion of well settled rules.

We think there was no error in rejecting the evidence in the second bill of exceptions; but for admitting that contained in the first the judgment must be reversed and a *venire de novo* awarded.