DELAWARE ETC. R. CO. v. EDWARD JONES.

ERROR TO THE COURT OF COMMON PLEAS OF LUZERNE COUNTY.

Argued April 16, 1889—Decided October 7, 1889.

(a) A married woman sixty-six years of age, a passenger upon a railroad train, alighted upon the station platform on the side of the railroad opposite from her destination, and when about to cross the track by a frequented path used by passengers for the same point, was struck by the engine and so injured that she died.

1. The evidence being conflicting, (a) as to the exact position of the engine when she started to cross; (b) as to whether she was on the track when the train moved; and (c) as to whether the bell was sounded or a warning signal given, it was not error to submit the questions of negligence and contributory negligence to the jury.

2. The plaintiff's husband having shown that the deceased was his wife and had always been a healthy woman, it was neither necessary nor proper that he should prove special damage, as if the subject of his loss had been a horse or other animal, and he was entitled to recover substantial damages for the pecuniary loss to him without so doing.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 156 July Term 1888, Sup. Ct.; court below, No. 134 June Term 1886, C. P.

On May 22, 1886, Edward Jones brought case against the Delaware, Lackawanna and Western Railroad Company, to re-

cover damages for the death of his wife, alleged to have been caused by the negligence of the defendant company. Issue.

At the trial on June 6, 1888, the following case was presented:

On April 26, 1886, Mrs. Jones was a passenger on a train of the defendant company from Bloomsburg to Nanticoke. At Nanticoke, the station platform was on the left hand or west side of the track. Nanticoke, Mrs. Jones' destination, was on the right hand or east side of the track and some little distance from it. Passengers for Nanticoke would alight upon the platform, pass along in front of a store-room, and descend by steps to the ground; and then, instead of taking a highway laid out around to the left and turning across the track 182 feet north of the steps, they would usually cut across the track from the foot of the steps and take a pathway across the open ground leading into the public road.

Mrs. Jones was about sixty-six years of age, and very fleshy. At the date given she alighted at the platform and passed along toward the steps. She asked the conductor, as it was claimed, whether she would have time to cross in front of the train, and was told by him that he did not know. Other passengers were crossing at the time and she followed them. Before she had passed over the track, she was struck by the engine of the train and so injured that she subsequently died. As to what was the exact position of the engine with reference to the path when Mrs. Jones started to cross, whether she was yet on the track when the train started, and whether any signal was given or bell sounded, the testimony was conflicting.

At the close of the testimony, the court, RICE, P. J., charged the jury:

Negligence is not to be presumed from the mere fact that there was an accident. Negligence is a fact to be proved by competent evidence, to your satisfaction. Upon this question of fact as to whether or not the defendant company was guilty of negligence, you will inquire whether this path, upon which it is alleged she was crossing the railroad, was a usual way for passengers going to and from the station. Was she upon the path or was she off the path? Was she a passenger? That she was a passenger, does not seem to be disputed. If both of these facts be established, she was not a trespasser, and it

would be negligence upon the part of the railroad company to start the train across the path without giving some warning. As to whether or not she was upon the path, there is perhaps some discrepancy in the testimony. According to the testimony of the plaintiff's witnesses, she was upon this path; according to the testimony of Edward Dickson, the fireman, the engine covered the path when the train was standing at the station. Of course, if she was not crossing the railroad in the usual way, a way commonly traveled by passengers, a different rule would apply; she would then be a trespasser. If, however, she was upon the path, and that was a usual way for the passengers to go to and from the station, she would not be a trespasser; and if she were a passenger, then the company owed to her the duty of giving some warning, either by ringing the bell or by some other signal, before crossing this way. Upon this question of fact as to whether the bell was rung, there is a conflict of evidence. Several witnesses have testified that they did not hear a bell or any other warning; others, that they do not recollect of having heard a bell; others, that there was no bell rung. Defendant's witnesses testify that before the train was started the bell was rung. This is a question of fact to be decided by you, in accordance with the weight of the credible testimony in the cause. . . . .

If you find as a matter of fact that the deceased was a passenger on this railroad, that she was crossing the railroad by a way usually traveled by passengers, and that no warning was given before starting, that the train was about to start, the defendant company might be held to have been guilty of negligence, and if she were guilty of no contributory negligence, they might be held liable for the damages which ensued.

It was her duty, even though she were a passenger upon this railroad, to exercise the care of an ordinarily prudent person, and if she did not exercise that care, and by reason of her failure to do so this injury ensued, the plaintiff cannot recover. What was the care required of an ordinarily prudent person at this point, in view of all of the circumstances? The court say to you as a matter of law that if when she attempted to cross the track, the train was already in motion, she did not exercise the care of an ordinarily prudent person and the plaintiff cannot recover. There can be no dispute as to that. Under all

of the testimony, at the very farthest, this engine was not more than eight or ten feet from the path. According to some of the witnesses it was very much nearer to the path. But even if it were ten feet from the path and the engine had started when she first attempted to cross the railroad, it was a negligent act upon her part, and, unfortunate as the consequences may have been, she could not recover for the injuries, nor could her husband recover in case of her death. But this presents a question of fact for your consideration and decision. Was the train in motion when she attempted to cross, or was it standing still? If the train was standing, and no warning was given before she attempted to cross, we cannot say to you as a matter of law that she was guilty of contributory negligence in attempting to cross. We think it would be a question rather for your decision as to whether or not that was the care which an ordinarily prudent person ought to have exercised under the circumstances. I do not propose to comment upon the testimony of the witnesses in detail; it is within a brief compass, and has been fully brought to your attention by the counsel on the one side and the other, and this question of fact, like the other question of fact, is to be decided in accordance with your convictions as to the weight of the credible testimony in the case.

In case you find that the defendant company was negligent, and that the deceased was not guilty of contributory negligence, then comes the question of the damages. What would the plaintiff be entitled to recover? By what standard are the damages to be measured?

Now, of course, the loss of a wife or of a mother, from some points of view, cannot be compensated by any pecuniary damages; and the law does not undertake to compensate for such a loss except as that loss is a pecuniary loss. In other words, it does not give to the surviving husband or the children, damages by reason of the suffering that the deceased endured, by reason of the grief caused by her death or by reason of the loss of the mere companionship of the wife or mother. Because none of these can be measured pecuniarily. It is compensation for the pecuniary loss that the plaintiff would be entitled to recover under the testimony in the case. And that is what the value of her services was as the wife of the plaintiff. That

is a difficult question to answer, even laying aside all senti-
mental considerations. You are to take into consideration her
age, her condition in life so far as it has been shown by the
testimony, her health, the probabilities as to her living and
being able to render services, and measure the damages in that
way. What was the value of her services, taking into consid-
eration her age, her health, and the probabilities of her living
beyond the age she had reached?

Defendant's counsel request us to charge you:

1. The evidence of the plaintiff does not show that he suf-
fered any pecuniary loss by the death of his wife, and therefore
there is nothing in the case to warrant the jury in finding that
the plaintiff suffered substantial damages or loss, and the ver-
dict, if for the plaintiff, should be in a nominal sum.

Answer: We answer that point in the negative.[1]

2. That if the jury believe from the evidence, that the de-
ceased attempted to cross the track in front of a moving engine,
the plaintiff cannot recover.

Answer: We answer that point in the affirmative.

3. That from the plaintiff's testimony it appears that the
deceased crossed the track in the day time, so near the front of
the engine that her clothing was caught by the cow-catcher, or
wheels, and that such an attempt no prudent person would
make. She was therefore guilty of negligence which contrib-
uted to the accident, and the plaintiff cannot recover.

Answer: This is answered in the negative.[2]

4. That the plaintiff's evidence shows that crossing at the
point where the accident occurred, was plainly dangerous, and
therefore the deceased took upon herself the risks attending
it, and the plaintiff is not entitled to recover.

Answer: This is answered in the negative.[3]

5. That it appears from the plaintiff's evidence that the train
from which the deceased alighted was bound north and the de-
ceased knew it; that it stopped, and the stop was only at an
intermediate station; the deceased was therefore guilty of neg-
ligence in crossing immediately in front of the engine, which
might start at any moment, and the plaintiff cannot recover.

Answer: We answer this point in the negative.

Of course, in answering these points in the negative, we do
not say that you are not to consider the evidence which is re-

ferred to in the points; we simply say that the facts are for your consideration, and it is not for the court to declare as a matter of law that these constitute contributory negligence.[4]

6. That if the jury believe that the deceased inquired of the conductor whether she had time to cross, and was told that he did not know, thus leaving the matter in doubt, and if she attempted to cross under such a state of facts, she assumed the risks of accident, and the plaintiff cannot recover.

Answer: We are inclined to the opinion that under all of the circumstances, this point is well taken, and if you find that, as a matter of fact, it would be contributory negligence for her to attempt to cross, if such an answer was given to her by the conductor, that point is affirmed.

7. That under all the evidence the plaintiff cannot recover.

Answer: We answer that point in the negative.[5]


The jury returned a verdict in favor of the plaintiff for $3,000. Judgment was subsequently entered on the verdict, when the defendant took this writ assigning as error:

1–5. The answers to defendant's points.[1 to 5]


*Mr. Andrew H. McClintock* and *Mr. Henry W. Palmer*, for the plaintiff in error.


*Mr. John S. Harding* (with him *Mr. Garrick M. Harding*), for the defendant in error.


OPINION, MR. JUSTICE STERRETT:

This was clearly a case for the jury on the controlling questions of fact, whether the death of Mrs. Jones was the result of the railroad company's negligence, and if so, whether her own negligence contributed thereto. These and cognate questions of fact were fairly submitted to the jury in a clear and impartial charge, in which the principles of law applicable to every feature of the case are accurately stated. The jury, as the evidence fully warranted them in doing, found in favor of the plaintiff below and against the defendant company. It follows that the learned judge was right in refusing to charge as requested by the company, defendant below, that " under all the evidence, the plaintiff cannot recover," and also in refus-

ing to affirm its third, fourth and fifth points, wherein he was, in substance, requested to withdraw the case from the jury on the ground that the deceased was guilty of contributory negligence. In answering those points in the negative, he very properly added: "Of course we do not say that you are not to consider the evidence which is referred to in the points; we simply say that the facts are for your consideration, and it is not for the court to declare, as matter of law, that these constitute contributory negligence." It would be well if all trial judges were thus careful not to usurp the province of the jury and undertake to pass upon questions of fact. Negligence is the absence of care according to the circumstances; and what constitutes negligence when the standard shifts, not according to any certain rule, depends upon the facts and circumstances developed at the trial, and cannot be determined by the court, but must be submitted to the jury: Turnpike Co. v. Railroad Co., 54 Pa. 345; Railroad Co. v. Stinger, 78 Pa. 219; Penna. R. Co. v. Coon, 111 Pa. 430; Schum v. Penna. R. Co., 107 Pa. 8; Taylor v. Canal Co., 113 Pa. 162; Lee v. Woolsey, 109 Pa. 124; Longenecker v. Penna. R. Co., 105 Pa. 329; Neslie v. Passenger Ry. Co., 113 Pa. 300. There is a constant tendency to ignore the time-honored rule recognized in these and many of the earlier cases. When the facts of a case are admitted or undisputed, it is of course the duty of the court to pronounce the law arising thereon. The second to fifth specifications inclusive, are not sustained.

The first and only remaining specification presents a different question. The subject of complaint is the refusal of the learned judge to affirm the following point submitted by defendant below:

1. "The evidence of plaintiff does not show that he suffered any pecuniary loss by the death of his wife, and therefore there is nothing in the case to warrant the jury in finding that plaintiff suffered substantial damages or loss, and the verdict, if for the plaintiff, should be in a nominal sum."

Evidence was introduced by plaintiff below to prove that the deceased, Mrs. Jones, was his wife; that she was sixty-six years of age, and had always been a healthy woman, etc. Presuming that in the absence of any rebutting evidence, the jury might and doubtless would infer that she was an ordinarily

industrious and useful wife, capable of discharging properly the duties of her position, and that consequently her death was a pecuniary loss to him, plaintiff below did not undertake to prove that she possessed any specially or exceptionally good qualities, as with propriety he might have done if the subject of his loss had been a horse or other animal. Nor was it either necessary or proper that he should do so. The court was clearly right in refusing to charge as requested.

Judgment affirmed.