SMITH v. HOCKENBERRY.

1. HUSBAND AND WIFE — CRIMINAL CONVERSATION — TRIAL — IN-
STRUCTIONS—HARMLESS ERROR.
Where, in an action for criminal conversation, the charge makes
the case turn upon the sole question of whether defendant is
guilty of the act of intercourse alleged, and defendant dis-
claims any conspiracy between plaintiff and his wife, and the
jury find for the plaintiff, refusal to charge that collusion
cannot be inferred from certain facts appearing in the case is
not prejudicial to plaintiff.

2. SAME—CONDONATION—MITIGATION OF DAMAGES.
In an action for criminal conversation, the fact that plaintiff
has continued to live and cohabit with his wife may be con-
sidered in mitigation of damages.

3. SAME — EVIDENCE — CHARACTER OF WIFE — SPECIFIC ACTS OF
IMMORALITY.
In an action for criminal conversation, evidence of prior specific
acts of unchastity of plaintiff's wife and her association with
other women of ill repute is admissible, as well as evidence of
her general reputation for chastity.

4. SAME—MITIGATION OF DAMAGES.
In an action for criminal conversation, evidence that plaintiff's
wife consulted counsel in regard to bringing suit therefor
before plaintiff did, offered under a disavowal of an attempt
to show connivance and collusion, but for the purpose of
showing the depravity of plaintiff's wife and as tending to
show that the alleged criminal intercourse was brought about
by the wife under circumstances indicating that discovery
was expected, is properly admitted.

5. SAME—WITNESSES—IMPEACHMENT—COLLATERAL MATTERS.
In an action for criminal conversation, a female witness hav-
ing testified to seeing defendant and plaintiff's wife in a
compromising situation, the question whether she had not
stated that there was an understanding between herself and
plaintiff's wife to get money out of defendant is not a collat-
eral matter as to which the cross-examiner is bound by the
answer, but she may be impeached by showing that she has
so stated.

Error to Eaton; Smith, J. Submitted February 7, 1906. (Docket No. 104.) Decided October 1, 1906.

Case by Howard Smith against Clinton Hockenberry for criminal conversation. There was judgment for plaintiff for less than the amount claimed, and he brings error. Affirmed.

*Q. A. Smith* and *O. J. Hood* (*George Huggett*, of counsel), for appellant.

*Lyman H. McCall* (*Frank A. Dean* and *Garry C. Fox*, of counsel), for appellee.

MONTGOMERY, J. This is an action for criminal conversation. The case was before the court at the October term of 1904, and is reported in 138 Mich. 129, where a sufficient statement of the main features of the case is given. It was there held that on the record as there made there was no proof to sustain defendant's claim that the plaintiff connived at his wife's criminal intimacy with the defendant, and that the wife's alleged statements to witnesses that her husband knew of her intimacy with other men were incompetent. It was also held that testimony relative to the criminal intimacy of plaintiff's wife with other men before the act in question was competent, but that testimony as to her after conduct was not. The case has been tried anew, and a verdict of $25 for plaintiff rendered. The plaintiff brings error.

The record contains 41 assignments of error. Error is assigned on a refusal of a request which in substance directed the jury that collusion could not be inferred from certain facts appearing in the case. As the charge of the court made the case to turn upon the sole question of whether the defendant was guilty of the act of intercourse alleged, and as the defendant disclaimed any theory of conspiracy, and, what is more conclusive, as the jury found for the plaintiff, it is altogether clear that the refusal of this request should not now be complained of.

The plaintiff requested the court to charge that:

"The fact that the husband, after learning of the wrong that he had suffered, did not break up his home or drive his wife therefrom or apply for a divorce, but condoned her offense, is no bar to his action against the defendant for any wrong committed by him."

This was given with the addition of these words:

"It may lessen the damages, but it does not take away the right of action, and the damages, if any, are for you to find, if you reach that branch of the case."

It will be seen that the question is thus presented whether the condonation of the wife's offense by the husband may be considered in mitigation of damages.    Plaintiff's counsel cite, in support of the claim that such testimony is not to be received in mitigation, *Heermance* v. *James,* 47 Barb. (N. Y.) 120, which was a case in no wise like the present.    The question in that case was whether the act of defendant, in influencing the plaintiff's wife to refuse to recognize or receive the plaintiff as her husband or to live with him as his wife, was actionable.    The holding of the court was that an action would lie for this wrong, even though the wife continued to live in the house with her husband.    It was with reference to this situation that the language used in the brief of counsel was employed, viz. :

"Her remaining with him under the circumstances would rather add the provocation of insult to the keenness of suffering.    It would continue before him a present, living, irritating, aggravating, if not consuming, source of grief, which even her absence might, in a measure, relieve."

It is obvious at a glance that the court was not there dealing with the question here involved.    The authorities bearing directly upon this question are not numerous. Some English cases are said to hold condonation a bar. 3 Enc. of Evidence, p. 795.    The current of authority is not so.    On principle, however, we hold that the fact that the plaintiff has continued to live and cohabit with the wife is a circumstance to be considered in mitigation.

The declaration in such case usually, as in the present, contains a charge of loss of the society, fellowship, and assistance of the wife. Why should it not be competent to show that this was not the case for any considerable time? *Morning* v. *Long*, 109 Iowa, 288; *Ball* v. *Marquis*, 122 Iowa, 665. We think the instructions of the court fair in all respects.

The court permitted evidence of the conduct of Mrs. Smith prior to the act charged, including testimony tending to show criminal intimacy with other men, and also tending to show association with women of bad repute. This latter testimony is claimed to have been incompetent on the ground that plaintiff, while he might be expected to meet testimony of reputation of his wife, could not be prepared to meet attacks upon the character of his wife's associates. We think the testimony was admissible. Not only is it competent to show the previous reputation of the wife, but distinct acts of immorality may also be given in evidence. 3 Enc. of Evidence, p. 796. This was so decided when this case was here before. Testimony of intimate association with lewd women clearly bears upon the question of her chastity. The testimony of the previous acquaintance and intimacy of the witness Stevens and plaintiff's wife was competent for the like purpose. The question asked of the witness Mary Boyer as to whether she saw Mrs. Smith at Stevens' place of business several times since the last suit was not objected to.

Testimony was received tending to show that Mrs. Smith, plaintiff's wife, saw the attorney employed in the case before plaintiff did. A letter written by plaintiff's counsel to the defendant was then received under objection. Defendant's counsel disclaimed any purpose of showing connivance or conspiracy, but say that this letter was offered to show the depravity of plaintiff's wife, and also as tending to show that the alleged acts of criminal intercourse were brought about by plaintiff's wife herself, and under circumstances indicating that discovery was expected. We think the testimony along this line

was competent for this purpose.    It had a decided bearing upon the question of the character of the plaintiff's wife at the very time the acts of intercourse are claimed to have occurred, and in this way affects the question of damages.

One Mrs. McAllister was a witness for the plaintiff, and testified that she discovered plaintiff's wife and defendant in a compromising position.    The foundation having been laid on cross-examination, the defendant was permitted to show statements of this witness, made to another, the tendency of which was to show an understanding between Mrs. Smith and herself to get money out of defendant.    Complaint is made of this on the ground that it was a collateral matter, and that the cross-examiner was bound by the answer.    We do not think this was collateral matter within this rule.    The testimony bore directly upon the truthfulness of this witness.    It tended to show an interest, and that her testimony was given in pursuance of a conspiracy between Mrs. Smith and herself, although the plaintiff was not a party to it.

The other questions discussed have had full consideration.    We discover no damaging error.

Judgment affirmed.

HOOKER and MOORE, JJ., concurred with MONTGOMERY, J.

OSTRANDER, J.    I concur in affirming the judgment. The undisputed testimony shows that the wife of the plaintiff saw the attorney, later employed by plaintiff, about this matter, before her husband, the plaintiff, saw him, and that soon thereafter, at the direction of the plaintiff, this suit was begun.    The jury might have inferred, from these facts and from other evidence in the case, a conspiracy between plaintiff and his wife. That such an inference might be drawn would not require the evidence to be excluded if it also tended, fairly, to prove, or furnished reasonable ground for inference concerning, the character of the wife as to chastity, at the

time the alleged wrong was committed, and a desire and expectation on her part that her conduct with defendant would be discovered.    It cannot be said that this evidence, in connection with other evidence properly in the case, had no such tendency.

As to the letter in question, while its admission is made the ground of an assignment of error, the record discloses that, after the letter had been marked and identified by the writer, the following took place:

" *Mr. Fox:* I will read Exhibit 1.
" *The Court:* Read it.
" *Mr. Smith:* Exception."

The reasons which in this court are urged for and against the right to admit it in evidence are not therefore considered.    Neither the purpose of counsel in offering it nor the grounds of objection to it were stated.    I find no motion to strike it out, no requests to charge, and no part of the charge given referring to it.

BLAIR, J., concurred with OSTRANDER, J.