## Matusak *v.* Kulczewski, Appellant.

Argued October 2, 1928.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Joseph Knox Stone*, with him *L. M. Sebring*, for appellant.—If it is admissible to show that the wife, prior to the alleged misconduct with defendant, had been guilty of adultery with other persons, it would be admissible to show that she was an inmate or keeper of a bawdyhouse: Yocum v. Yocum, 3 Pa. Dist. R. 615; Com. v. Schoen, 25 Pa. Superior Ct. 211; Com. v. Eagler, 10 Kulp 107; Com. v. Frey, 19 York Co. R. 122.

Defendant sought to offer evidence that the house of plaintiff and his wife was frequented by persons of bad character and reputation, this being one stage in the proof that the wife of plaintiff was a common prostitute, and that she was therefore guilty of adultery or such other conduct before defendant's alleged acts that her credibility was affected or damages mitigated, or that her husband permitting her to keep or to assist him in keeping a bawdyhouse, before the alleged acts of defendant, would have such fact proven against him to affect her credibility and to mitigate damages: Com. v. Eagler, 10 Kulp 107; Yocum v. Yocum, 3 Pa. Dist. R. 615.

*F. G. Moorhead*, of *Moorhead & Marshall*, for appellee.

Opinion by Mr. Justice Kephart, November 26, 1928:
Defendant, in an action for alienation of affections and criminal conversation, offered to prove as a defense and in mitigation of damages (a) that prior to the in-

jury complained of plaintiff and his wife were conducting a house of ill repute, and (b) the reputation, for unchastity, drunkenness, gambling and tippling, of the persons who visited the house.

The court below rejected the evidence, holding that, while the reputation of the plaintiff and wife were in issue, the court knew "of no case in which the reputation of a house was admissible" to show character except in those cases where it was the point at issue, as, for instance, an indictment for keeping a bawdyhouse.

The grounds for recovery in an action for criminal conversation are the violation of the right of consortium, loss of services, injury to social position, impairment of family honor, and mental suffering coming from the spouse's infidelity: Matheis v. Mazet, 164 Pa. 580. As affecting the compensation for injury to these rights the characters of both plaintiff and spouse are in issue. Good character is presumed to exist in plaintiff and spouse, and evidence need not be offered to show it unless it is attacked. Slight insinuation is all that is necessary, however, to permit plaintiff to show it: Clark v. North American Co., 203 Pa. 346; Burkhart v. North American Co., 214 Pa. 39.

The nature of the evidence to attack plaintiff's case may be either actual or reputed character, or both. In Pennsylvania, in an action for seduction, where the damages recoverable are much the same, we early held that neither actual character nor particular acts could be inquired into, and that the assault on character must be made through reputation. "A person may have a very good reputation......notwithstanding acts of indiscretion": Hoffman v. Kemerer, 44 Pa. 452; Miller v. Curtis (Mass.), 32 N. E. 1039. However, our later cases have adopted a more liberal view, and, in an opinion by President Judge RICE, without elaborating his reasons, it was held that particular acts as well as reputation may be used as evidence in mitigation of damages in an action for criminal conversation: Ehrhart v. Bear, 51 Pa. Su-

perior Ct. 39; citing Gilchrist v. Bale, 8 Watts 355. General character or reputation in general for everything is not the issue (Norton v. Warner, 9 Conn. 172; 30 C. J. 1164), but specific reputation as to the matters in issue is relevant in so far as it bears on or affects any of the measures of damages. See authorities collected in Good v. Grit Publishing Co., 36 Pa. Superior Ct. 238, 259.

Acts of infidelity on the part of the participating spouse before that complained of in the action are relevant to the claim for damages embraced in mental suffering: Zitzer v. Merkel, 24 Pa. 408; Ehrhart v. Bear, supra. The law does not permit full recoupment for grief or agony of mind, or for any of the measures of damages, when it is shown that another before defendant had violated the wife. Nor does use of particular acts as evidence to reduce the compensation deny to defendant the right to lessen the same compensation by showing the reputation of plaintiff and spouse.

The offer here was to show that plaintiff kept a bawdyhouse. A character may be imposed or acquired through the conduct of a business or engagement in certain pursuits. Thus we have held that the fact of adultery may be presumed from one's frequenting a bawdyhouse. The offer was to show lack of reputation of the proprietor-plaintiff and his wife, and a particular act of immorality. The offer, of course, was not available as a defense; the fact that plaintiff is of a general dissolute character will not be a bar to the action: Silvernali v. Westerman, 2 Kulp 7. While the keeper of a bawdyhouse would not have much of a reputation, that fact would not excuse defendant from all liability for debauching his wife. But the offer was competent to lessen recovery for loss of his wife's companionship and injury to his social position (Norton v. Warner, supra); it is quite similar to acts of unchastity or infidelity in its bearing on mental suffering. A man who conducts a place for prostitution should not be so keenly hurt if his wife happens to be

enmeshed in his own business. He certainly offers her every facility for it. But in fixing the punishment defendant is to receive, it should be tempered very much by the actual character of plaintiff and his spouse, and the fact that their marital rights are regarded by them as being of little or no value.

The danger from collateral issues in admitting particular acts as evidence is to be expected for the reason the action contemplates such testimony in relief of damages; and as for plaintiff being surprised at the character of the evidence, it was perhaps no greater than defendant's surprise when served with the summons from one openly engaged in the business of unchastity,—running a bawdyhouse; but as the action is predicated on infidelity and character, the evidence offered, if true, should have been anticipated.

The second part of the offer, that is, to show the reputation of persons who visited the house, is not good. The reputation of the house as a bawdyhouse is the point to be established; it should stand out in the neighborhood as such, without the necessity of establishing it by the reputation of persons who visited the house as being of ill repute for chastity, gambling, etc. It would be carrying the doctrine of unoffending collateral issues too far to permit the reputation of frequenters to be offered. The offer was not to show that the spouse consorted with persons of unchaste repute (30 C. J. section 1064, pages 1164, 1165; Smith v. Hockenberry, 146 Mich. 7, 109 N. W. 23, 24; Banfill v. Byrd, 122 Miss. 288, 84 So. 227), but that they visited the home of her husband. This was not proper.

The court below was in error in not receiving the evidence contained in the first offer.

The judgment is reversed with a venire facias de novo.