Misson *v.* Grossman, Appellant.

Argued January 5, 1938.    Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*William T. Connor,* with him *John R. K. Scott* and
*Hardie Scott,* for appellant.

*Robert C. Fable, Jr.,* with him *Raymond A. White, Jr.,*
for appellee.

OPINION BY MR. JUSTICE STERN, January 24, 1938:
In this suit by a husband to recover damages for
alienation of the affections of his wife, the jury rendered
a verdict for plaintiff.

Defendant's sole complaint arises from the following
circumstance.   After the jury had retired for considera-

tion of the case, they returned to the courtroom, and this colloquy ensued:

"The Foreman: If adultery were only proved would the plaintiff have grounds for recovery?

"The Court: It is not essential that adultery itself be found. It is a question of alienation of affections, and if affections are alienated whether adultery took place is immaterial. The question is were the affections of the plaintiff's wife alienated by the defendant, was the plaintiff deprived of the love and affection of his wife as the result of the wilful acts, intentional acts, of the defendant.

"Mr. Connor: My understanding of the question is that if adultery alone is proved would that be sufficient to make out proof of alienation?

"The Foreman: The question is if adultery only were proved would the plaintiff have grounds for recovery.

"The Court: He might or might not. If the wife has sexual relations with another man, that might indicate that her love for her husband was gone, and on the other hand, it might not be gone. That is a question for you, Ladies and Gentlemen, to consider from the evidence."

Defendant contends that the court failed to apprehend the purport of the jury's question, which should have been answered categorically in the negative. It is true, of course, that proof *only* of adultery would not warrant a recovery for alienation of affections. In order to sustain such an action it must be shown that defendant was the pursuer, that, wilfully and intentionally, he induced and caused the wife to cease loving her husband: *Stewart v. Hagerty,* 251 Pa. 603. If, therefore, the question of the foreman and the final response of the court were to be considered apart from all other instructions given to the jury, there might be justification for defendant's criticism. A reading of the entire charge, however, makes it evident that the jury could not have misapprehended the law as properly ex-

plained by the learned trial judge. At least four times he told them emphatically and at length that, in order to find for plaintiff, they must conclude from the weight of the evidence—the burden being upon plaintiff—that defendant wilfully and purposely deprived plaintiff of his wife's affections. These instructions indicated clearly that proof of adultery did not, by itself, make out a case. That the jury so understood is shown by the fact that after receiving the answer in question the foreman inquired further: "If adultery were proved would there be a presumption that *he initiated* the offense?" to which the court answered, "No, there is no presumption." Thereupon the foreman asked: "Would there be the burden of proof upon the defendant that he did not initiate the offense?" and the court replied: "I have told you that the burden of proof is on the plaintiff."

Judgment affirmed.