## WILDER v. DOE.
### Civ. A. No. 465.

District Court, E. D. Pennsylvania.

Oct. 16, 1939.

870

John R. K. Scott and William T. Connor, both of Philadelphia, Pa., for plaintiff.

KIRKPATRICK, District Judge.

Wilder has presented a petition for a declaratory judgment under Title 28, Sec. 400, U.S.C., 28 U.S.C.A. § 400, the Federal Declaratory Judgment Act. The situation which he discloses is somewhat unusual.

The Pennsylvania Act of June 22, 1935, P.L. 450, as amended by the Act of June 25, 1937, P.L. 2317, 48 P.S. § 170, abolishes (with certain exceptions) all civil causes of action for alienation of affection of husband or wife. The petitioner states that he is a citizen of the state of Illinois, residing in Chicago, and, inferentially, that he was a citizen of that state during the time when the acts complained of occurred. He says that in January 1937 the affections of his wife were alienated by another man. The cause of action arose while the petitioner's wife was on a Swedish ship and in territory outside the United States.

Relying principally upon the decision of the District Court for the Eastern District of New York in Wawrzin v. Rosenberg, 12 F.Supp. 548, the petitioner asks the Court to declare his rights and "legal relations of your petitioner and the person designated herein as John Doe," to adjudge whether he (the petitioner) has the right to institute an action to recover damages for alienation of his wife's affection, and whether it is unlawful for him to file a pleading to recover upon the cause of action which he says exists.

Beyond stating that the other man is a citizen of Pennsylvania residing in Philadelphia, the petitioner does not describe or identify him in any way. The reason he has used a fictitious name is that Sec. 4 of the Pennsylvania Act, 48 P.S. § 173, provides that it shall be unlawful for anyone, either as litigant or attorney, to file any pleading in any court "in this Commonwealth" seeking to recover upon the cause of action abolished by the Act. Another section provides that to do so shall be a criminal offense.

It thus appears that of the two vitally interested parties, whose legal relations the Court is asked to declare, only one is before the Court. So far as appears, the other has had no notice and has no knowledge of this proceeding.

The Court has discretion (reviewable) to decline to exercise the jurisdiction conferred upon it by the Act, and should so decline if it appears that the objectives of the law will not be obtained by the declaratory judgment asked for.

"The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) whether the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) whether it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings. * * * The uncertainty would not be terminated where the proceedings indicate the absence or failure to join necessary parties in interest who ought to be heard or bound, or where there are not proper adversary parties. * * *" Borchard, Declaratory Judgments, 1934 Ed., p. 107.

Although it has been held that it is not necessary under the Federal Declaratory Judgment Act that all interested parties be joined, Western Cas. & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166, a petition for a declaratory judgment is usually, in fact if not in form, adversary process, and the principle, audi alteram partem, is vital to the proper administration of justice under such procedure.

I am therefore of the opinion that I ought to decline to take jurisdiction in this case. I express no view as to whether or not, if both parties come before the Court, it would be a proper case for a declaratory judgment.

The petition is dismissed.