**WILDER v. RENO, Atty. Gen., et al.**
No. 490.

District Court, M. D. Pennsylvania.
June 21, 1941.

wife, makes it a misdemeanor for any person or attorney to file, cause to be filed, threaten to file, or threaten to cause to be filed in any court in this Commonwealth, any pleading or paper setting forth or seeking to recover upon any cause of action abolished or barred by the Act, whether such cause of action arose within or without this Commonwealth. The penalty for violating any provision of the act is a fine of not less than one hundred dollars ($100) nor more than one thousand dollars ($1,000), or imprisonment for not less than one year nor more than five years.

Plaintiff's complaint alleges that he has a cause of action for alienation of his wife's affections against a citizen of this Commonwealth, and that he desires to institute a proceeding at law in the District Court of the United States for the Eastern District of Pennsylvania, to recover damages he has suffered by such alienation. This proceeding was instituted to forestall a threatened criminal prosecution of plaintiff and his attorney in the event such action were filed. Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

Defendants state three grounds in support of their motion to dismiss: First, that a court of equity will not interfere with the enforcement by public officials of a criminal or penal statute; secondly, that there are no adversary parties to the present action; and, thirdly, that the bill cannot be sustained because the plaintiff has a plain, adequate and complete remedy at law.

On the contention that a court of equity will not interfere with the enforcement by public officials of a criminal or penal statute, defendants argue that equity will not entertain such a suit unless the statute is unconstitutional and the restraining order necessary to protect property rights. As a general rule, a United States Court has no jurisdiction to enjoin criminal proceedings under state law, but there are exceptions to the rule. Ex parte Young, 209 U.S. 123, 161, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann. Cas. 764; In re Sawyer, 124 U.S. 200, 210, 211, 8 S.Ct. 482, 31 L.Ed. 402. The Supreme Court of the United States said, in Cotting v. Godard (Kansas City Stock Yards Co., etc.), 183 U.S. 79, at pages 100, 101, 22 S.Ct. 30, at page 39, 46 L.Ed. 92: "Do the laws secure to an individual

John R. K. Scott, of Philadelphia, for plaintiff.

Claude T. Reno, Atty. Gen., and H. J. Woodward and M. Louise Rutherford, Deputy Attys. Gen., for defendants.

JOHNSON, District Judge.

This is a civil action brought by George E. Wilder, a citizen of the State of Illinois, against the Attorney General of the Commonwealth of Pennsylvania and the District Attorney of Philadelphia County within this Commonwealth, to enjoin the defendants from enforcing against plaintiff and his attorney the provisions of the Pennsylvania Act of Assembly, 1935 Pa.P.L. 450, as amended, 48 P.S.Pa. § 170 et seq., which abolishes causes of action for alienation of affections of husband or

an equal protection when he is allowed to come into court and make his claim or defense subject to the condition that, upon a failure to make good that claim or defense, the penalty for such failure either appropriates all his property, or subjects him to extravagant and unreasonable loss? Let us make some illustrations to suggest the scope of this thought. * * * Of course, these are extreme illustrations, and they serve only to illustrate the proposition that a statute (although in terms opening the doors of the courts to a particular litigant) which places upon him as a penalty for a failure to make good his claim or defense a burden so great as to practically intimidate him from asserting that which he believes to be his rights is, when no such penalty is inflicted upon others, tantamount to a denial of the equal protection of the laws."

In the case of Ex Parte Young, 209 U. S. 123, 158, 167, 28 S.Ct. 441, 453, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann.Cas. 764, the Supreme Court pointed out that in certain cases "the only wrong or injury or trespass involved was the threatened commencement of suits to enforce the statute * * *, and the threat of such commencement was in each case regarded as sufficient to authorize the issuing of an injunction to prevent the same. The threat to commence those suits under such circumstances was therefore necessarily held to be equivalent to any other threatened wrong or injury to the property of a plaintiff which had heretofore been held sufficient to authorize the suit against the officer. * * * The difference between an actual and direct interference with tangible property and the enjoining of state officers from enforcing an unconstitutional act, is not of a radical nature, and does not extend, in truth, the jurisdiction of the courts over the subject-matter. * * * So, where the state official, instead of directly interfering with tangible property, is about to commence suits which have for their object the enforcement of an act which violates the Federal Constitution, to the great and irreparable injury of the complainants, he is seeking the same justification from the authority of the state as in other cases. * * * The state cannot, in either case, impart to the official immunity from responsibility to the supreme authority of the United States."

As recently as May 26, 1941, the Supreme Court, in discussing this question, in the case of Watson et al. v. Buck et al., 61 S.Ct. 962, 966, 85 L.Ed. ——, said: "Federal injunctions against state criminal statutes, either in their entirety or with respect to their separate and distinct prohibitions, are not to be granted as a matter of course, even if such statutes are unconstitutional. 'No citizen or member of the community is immune from prosecution, in good faith, for his alleged criminal acts. The imminence of such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity which exerts its extraordinary powers only to prevent irreparable injury to the plaintiff who seeks its aid.' Beal v. Missouri Pacific Railroad Corp., 312 U.S. 45, 49, 61 S.Ct. 418, 420, 85 L.Ed. ——. A general statement that an officer stands ready to perform his duty falls far short of such a threat as would warrant the intervention of equity. * * * For such a general statement is not the equivalent of a threat that prosecutions are to be begun so immediately, in such numbers, and in such manner as to indicate the virtual certainty of that extraordinary injury which alone justifies equitable suspension of proceedings in criminal courts. The imminence and immediacy of proposed enforcement, the nature of the threats actually made, and the exceptional and irreparable injury which complainants would sustain if those threats were carried out are among the vital allegations which must be shown to exist before restraint of criminal proceedings is justified. * * * 'The general rule is that equity will not interfere to prevent the enforcement of a criminal statute even though unconstitutional. * * * To justify such interference there must be exceptional circumstances and a clear showing that an injunction is necessary in order to afford adequate protection of constitutional rights. * * * We have said that it must appear that "the danger of irreparable loss is both great and immediate"; otherwise, the accused should first set up his defense in the state court, even though the validity of a statute is challenged. There is ample opportunity for ultimate review by this Court of federal questions.' Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 95, 96, 55 S.Ct. 678, 680, 681, 79 L.Ed. 1322."

These cases show that jurisdiction to enjoin enforcement of a state statute does not depend upon the involvement of property rights. They do establish that

jurisdiction depends upon the unconstitutionality of the statute, the imminence of a threatened prosecution and resulting exceptional and irreparable injury, and the absence of a plain, adequate and complete remedy at law.

■ Plaintiff's complaint does not specifically allege unconstitutionality of the state statute, but the constitutional question is inherently involved in the determination of this cause, and both parties have presented arguments on the validity of this act under the Fourteenth Amendment to the Constitution of the United States. They are aware that the constitutionality of the state statute is in issue, and they expect this court to decide that issue. Under such circumstances, it will be considered before a determination on the merits. 16 C.J.S. Constitutional Law, § 96.

■ Plaintiff alleges that irreparable injury will result because prior to the enactment in question there had existed from early times a common law right to bring an action for alienation of affections in a court of competent jurisdiction. Writing on the subject of injuries that may be offered to a person, considered as a husband, Blackstone says: "The husband is also entitled to recover damages in an action on the case against such as persuade and intice the wife to live separate from him without sufficient cause. The old law was so strict in this point, that, if one's wife missed her way upon the road, it was not lawful for another man to take her into his house, unless she was benighted and in danger of being lost or drowned." Blackstone's Commentaries, Vol. III, pages 139, 140.

This fundamental common law right has long been recognized in the courts of this Commonwealth, Fry v. Drestler, 2 Yeates 278, 1798; Gardner v. Madeira, 2 Yeates 466, 1798; Gilchrist v. Bale, 8 Watts 355, 34 Am.Dec. 469, 1839; Sherwood v. Titman, 55 Pa. 77, 1867; Gernerd v. Gernerd, 185 Pa. 233, 39 A. 884, 40 L.R.A. 549, 64 Am.St.Rep. 646, 1898, saying the right has not been doubted since the case of Winsmore v. Greenbank, Willes, 577 (C.P.Eng.), 1745; Reading v. Gazzam, 200 Pa. 70, 49 A. 889, 1901; Keath v. Shiffer, 37 Pa.Super. 573, 1908; Eisenhard v. Schmoyer, 69 Pa.Super. 289, 1918; Matusak v. Kulczewski, 295 Pa. 208, 145 A. 94, 68 A.L.R. 557, 1928; Misson v. Grossman, 329 Pa. 151, 196 A. 494, 1938, where suit was instituted in 1934.

■ The Pennsylvania Act of 1935 has abolished this fundamental common law right and has imposed severe penalties upon any party or his counsel who file or threaten to file a pleading upon such a cause of action. Plaintiff contends that in abolishing his common law right, in view of the penalty provisions, the legislature has effectively barred his resort to the courts to test the validity of its enactment. If these charges are true, plaintiff has made out a prima facie case of exceptional and irreparable injury.

■ Defendants contend that plaintiff has a plain, adequate and complete remedy at law. They suggest that plaintiff file his action for alienation of affections, and if he and his attorney be prosecuted they may raise the constitutional question in defense. However, under this procedure, the penalty on the plaintiff and his attorney for failing to make good their defense of unconstitutionality, might be $1,000 fine or imprisonment for not more than five years. Where such severe penalties are imposed, the remedy afforded in a court of law is not plain, adequate and complete. Ex Parte Young, supra; Cotting v. Godard (Kansas City Stock Yards, etc.), supra; Terrace v. Thompson, 263 U.S. 197, 215, 216, 44 S.Ct. 15, 68 L.Ed. 255.

■ Defendants further contend that there are no adversary parties here, and that this whole matter is merely a counterpart of an action by this same plaintiff in the District Court of the United States for the Eastern District of Pennsylvania against John Doe for a declaratory judgment of his right to bring an action for alienation of affections. The declaratory judgment was dismissed for lack of adversary parties, there being no real defendant to answer plaintiff's charges. Wilder v. John Doe, D.C., 30 F.Supp. 869, affirmed 3 Cir., 109 F.2d 1023. The situation is entirely different in the case before this court. Here there is a plaintiff who seeks to enjoin state law enforcement officers from performing their duties under an allegedly unconstitutional statute, and those law enforcement officers are here defendants arguing in support of the constitutionality of the act in question. There are adversary parties, and the proper adversary parties before this court. Ex Parte Young, supra; Watson v. Buck, supra.

For the above reasons it is ordered that the motion to dismiss the complaint for failure to state a cause of action is denied, and the defendants are ordered to answer the complaint within twenty days (20) after receipt of a copy of this order.