Bedillion et vir *v.* Frazee, Appellant.

21

Argued November 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before CARSON, P. J.

*James M. Marsh,* with him *August L. Sismondo,* and *LaBrum & Doak,* for appellant.

*Sanford S. Finder,* with him *Vincent R. Massock,* for appellees.

OPINION BY ERVIN, J., December 15, 1961:

The court below granted a new trial in this trespass case because it believed the verdict was inadequate. We will not reverse except for a gross abuse of discretion:

*Muroski v. Hnath,* 392 Pa. 233, 237, 139 A. 2d 902. We are convinced that there was such an abuse in this case.

Plaintiff's total medical bills were $563.50 and the wife claimed loss of wages of $678.02, making a total of $1,241.52. The jury returned a verdict of $1,000.00 in favor of the husband, specifying that it included medical expenses incurred following the accident. The jury also returned a verdict of $1,500.00 in favor of the wife, specifying that it included loss of wages and any future medical expenses. This was not a compromise verdict because the evidence as to negligence was clear. The wife-plaintiff was a passenger in the car which was being driven by the defendant and there was no contributory negligence. The defendant was driving her car down a hill at fifty miles an hour on a dark, rainy night. The defendant testified that her car bounded all over the highway and went out of control. The car ran off the right side of the road, striking an abutment. The wife-plaintiff suffered black eyes, a slight concussion, lacerations of the head and strain of the neck and back. She was taken to a hospital, examined and sent home. X-rays were negative except for showing a mild arthritic condition of the fourth and fifth lumbar vertebra. The wife-plaintiff and defendant worked at the George Washington Hotel. The husband-plaintiff claimed for medical expenses and for loss of consortium. The medical bills amounted to $563.50. The verdict for the husband was $1,000.00. This meant that the jury awarded the sum of $436.50 for loss of consortium. The husband's verdict did not include anything for future medical expenses because the jury expressly stated that the wife's verdict of $1,500.00 included future medical expenses.

The court below granted the new trial because it felt the jury was prejudiced against the plaintiffs because of the defendant's "repeated attempt to inject

into this civil action the character and reputation of the plaintiff wife. . . ."

When a husband sues for the loss of his wife's consortium he is not obliged to prove the value of the loss in dollars and cents. The fact of marriage to the injured spouse is itself enough to support a finding for recovery because "in such cases jurors, endowed with at least a modicum of common sense, may be supposed to have some knowledge of ordinary affairs of life." *Kelley v. Mayberry Township,* 154 Pa. 440, 448, 26 A. 595; *Delaware Etc. R. Co. v. Jones,* 128 Pa. 308, 315, 18 A. 330; *Platz v. McKean Twp.,* 178 Pa. 601, 36 A. 136.

The term "services" "implies whatever of aid, assistance, comfort and society the wife would be expected to render to, or bestow upon her husband, under the circumstances and in the condition in which they may be placed, whatever those may be." *Kelley v. Mayberry Township,* supra, at page 447. See also *Neuberg v. Bobowicz,* 401 Pa. 146, 162 A. 2d 662.

Particular acts as well as reputation may be used as evidence in mitigation of damages in an action for criminal conversation: *Ehrhart v. Bear,* 51 Pa. Superior Ct. 39.

The grounds for recovery in an action for criminal conversation are the violation of the right of consortium, loss of services, etc.: *Matusak v. Kulczewski,* 295 Pa. 208, 145 A. 94.

We can see no good reason why particular acts as well as reputation may not be used as evidence to mitigate damages in a trespass action where the husband claims for loss of consortium. The learned judge of the court below must have been of the same mind because the following occurred at the trial: "MR. SISMONDO (At side bar) : I offer to prove by this witness that for a number of months prior to this accident, plaintiff and defendant, both the plaintiff wife and the defendant wife, went on dates with other men and that on the

night of this particular accident, they were going on a date with other men, and that we feel that we have a right to prove that in mitigation of damages, and we can also prove and will give the names of the men that these women met. Add to our offer, this occurred two or three times a week.

"THE COURT: We are going to permit her to testify to that, but we are not going to permit her to drag any names of these men she claims they were out with into this case. If she wants to call them she can call them."

In the course of his charge the judge said: "She claimed that the conduct of the plaintiff wife when she was in company of the defendant was such that you should not put a very high value upon the loss of companionship and assistance and so forth for his wife. You have to consider the defendant's contention as to that because she wants you to reduce the amount of that compensation by what she, the defendant, claims has derogated and lessened the value of such services. The facts in this case, considered in the light of your own experience, must get you to a conscientious judgment of what amount of money would be fair and just."

If this evidence was admissible, and the judge so ruled, we do not understand how the court below could set aside the verdict because of the conduct of defense counsel. Defense counsel in our judgment had a perfect right to bring out evidence to show that the wife-plaintiff spent little of her time to comfort and aid her husband but in fact worked in a hotel restaurant until midnight and then went on dates with other men after that hour. It must also be remembered that the wife-plaintiff, in her verdict of $1,500.00, was fully compensated for the $678.02 loss of wages and in addition thereto received the sum of $821.98. We fail to see how the wife with her busy life would have many hours to devote to her husband.

We conclude that the court below committed an error of law which amounted to a gross abuse of discretion in granting a new trial.

Judgment reversed and the record is remanded to the court below for the entry of judgments on the verdicts in favor of the plaintiffs, with interest from November 15, 1960.

WRIGHT and FLOOD, JJ., would affirm on the opinion of the court below.