**DiSanti v. Cassidy**

*Bernard M. Berman*, for plaintiff.
*Howard Richard*, for defendant.

DeFURIA, J., June 18, 1973.—Plaintiff commenced an action in trespass alleging criminal conversation between defendant and plaintiff's husband. Preliminary objections to the complaint were filed in the nature of a motion to strike the complaint by virtue of the inclusion therein of impertinent and irrelevant allegations, noncompliance with Pennsylvania Rule of Civil Procedure 1024, and for failure to state a cause of action. The objections are before us for disposition.

The complaint includes the following paragraphs which defendant contends are impertinent and irrelevant:

"4. Following the said marriage of the Plaintiff and Alexander A. DiSanti, and until the occurrence of the wrongful acts by the defendant hereinafter complained of, the Plaintiff and the said Alexander A. DiSanti lived together peaceably as husband and wife.

"5. The defendant, Patricia Cassidy, contriving and wickedly and wrongfully intending to injure the Plaintiff and deprive her of the affections, comfort, society, sexual companionship, and assistance of the said Alexander A. DiSanti, her husband, and to alienate and destroy his affections for the Plaintiff did, at various and frequent times and at divers

places in Philadelphia, Chester and Delaware Counties and at other various places, during and since 1968 and continuing to the present, and at various other times and divers places, wickedly and wrongfully had sexual congress and union with the said Alexander A. DiSanti.

"7. Plaintiff believes and therefore avers that at the insistence of and at the request of the Defendant, and as a direct result of Defendant's wrongful acts, on or about January 1, 1970, Alexander A. DiSanti did remove himself from the marital domicile and desert Plaintiff.

"9. Plaintiff avers that the Defendant has been holding herself out and continues to hold herself out to the community and even to Plaintiff's and Alexander A. DiSanti's four minor children as the lawful and legal wife of Alexander A. DiSanti.

"10. By reason of such wrongful acts of the Defendant as aforesaid, the affection of the said Alexander A. DiSanti for the Plaintiff was alienated and destroyed and the Plaintiff thereby deprived of the comfort, fellowship, society, sexual companionship, and assistance of the said Alexander A. DiSanti in her domestic affairs, which the Plaintiff, during all that time and to the present time ought to have had and otherwise would have had."

Defendant contends these paragraphs might be proper in an action for alienation of affections, but do not go to the elements constituting the cause of action for criminal conversation nor to the damages recoverable in such an action. She contends they should be stricken as scandalous, since they are unnecessary, citing Schwingen v. Piekarski, 13 D. & C. 2d 617 (1957).

The grounds for recovery in an action for criminal conversation are the violation of the right of con-

sortium, loss of services, injury to social position, impairment of family honor and mental suffering coming from the spouse's infidelity: Matusak v. Kulczewski, 295 Pa. 208, 15 Atl. 94 (1928).

The compensatory damages allowable in such an action are injury to the wife's social position, disgrace in the community where she lives or was engaged in business and dishonor to herself and her family: Karchner v. Mumie, 398 Pa. 13, 156 A. 2d 537 (1959); Antonelli v. Xenakis, 363 Pa. 375, 69 A. 2d 102 (1949).

" 'The lack of necessity for a physical debauchment distinguishes alienation of affections from criminal conversation.' " And, a single act of adultery is sufficient to entitle the husband of the woman to damages in an action against the adulterer for criminal conversation even though the husband sustains no further loss: Antonelli v. Xenakis, 363 Pa. 375 at page 377; Restatement, Torts, §683, Comment c; §685, comment b.

Paragraph four of the complaint alleges the marriage of plaintiff and defendant's paramour. Paragraph five alleges sexual congress and defendant's intent to injure plaintiff by depriving her of her right to consortium, injury to her social position and loss of services of her husband. The allegation of defendant's intention ". . . to alienate and destroy his affections for the Plaintiff . . . " is unnecessary and must be stricken. Paragraph seven is a proper allegation of time from which plaintiff lost her husband's consortium, services, etc. Paragraph nine factually avers an injury to plaintiff's social status and impairment of family honor. Paragraph ten is tainted by the use of the words "affection" and "alienated" but these words are unnecessary embellishments as used in the clause. The paragraph without the offending clause

is an averment of the deprivation of rights and is properly alleged in this cause of action.

Defendant's second basis of objection is her contention that the affidavit to the complaint taken on March 13, 1972, was taken before the complaint was, in fact, prepared, as indicated by an allegation in the complaint of residence of defendant which residence, the preliminary objection avers, did not become defendant's residence until July 1972. This objection is not supported by the record, since no answer has been filed and no reply to the preliminary objections has been filed admitting the allegation and, therefore, must fall.

Finally, defendant demurs for the failure to state a cause of action cognizable in the courts of this Commonwealth.

Defendant points to the Crimes Code of December 2, 1972, P. L. 1068, No. 334, 18 PS §1, et seq., wherein the crimes of fornication and adultery are deleted, contending that the action for criminal conversation is the civil counterpart for the criminal charge of adultery and, therefore, the action for criminal conversation should, as a consequence, be abolished.

When the Legislature, by the Act of June 22, 1935, P. L. 450, sec. 1, 48 PS §170, abolished the action for alienation of affections with certain exceptions, it did not abolish the action of criminal conversation.

The Antonelli case, supra, as well as the Karchner case, supra, reaffirm the right to sue for criminal conversation.

The alleged acts which constitute the basis for this action, in any event, occurred long before the enactment of the Crimes Code of December 2, 1972, which is not effective until June 6, 1973, and are not affected by its adoption, nor does its adoption indicate a change in public policy.

## ORDER

And now, June 18, 1973, defendant's preliminary objections are dismissed except as to paragraphs five and ten of plaintiff's complaint.

Plaintiff is directed to amend within 20 days of the date hereof paragraphs five and ten, consistent with this opinion, deleting therefrom the words "alienate" and "affections."