## Crane v. Guy

*Vincent A. Cirillo*, for plaintiff.

*William L. O'Hey, Jr.*, for defendant.

HONEYMAN, J., March 30, 1962.—In this case, plaintiff filed a complaint in trespass for criminal conversation. To this complaint, defendant filed a preliminary objection on the ground that there is a prior pending suit, involving the same cause of action, in the Court of Common Pleas No. 3 of Philadelphia County. To this preliminary objection, defendant attached an exemplification of the record of this action pending in said court. After oral argument, this preliminary objection is before this court for disposition.

In ruling upon the preliminary objection we must apply the well established principle that a plea in

abatement on the ground that a former suit is pending is a valid defense where the parties are the same, and the rights asserted and the relief prayed for are the same: Dickerson v. Dickersons Overseas Company, 369 Pa. 244 (1952).

The complaint filed in the Philadelphia action alleges that defendant engaged in acts of criminal conversation and adulterous intercourse with plaintiff's wife at various times and places. The complaint filed in this county is identical to the prior complaint except for the allegation that certain of the acts of criminal conversation took place in Ardmore, Montgomery County. If the allegations of the complaints are true, plaintiff has a cause of action in trespass for criminal conversation. This cause of action he has chosen to litigate in Philadelphia County.

To allow this cause of action to be litigated in two separate lawsuits would be to establish a dangerous precedent approving a needless multiplicity of suits. Although Regnanese v. Matrone (No. 2), 51 Lack. Jur. 164 (1950), is not in point, the language of Judge Robinson, at page 166, is particularly apropos:

". . . The thoughtless institution of multiple lawsuits which serve only to confuse and confound the issues is not to be encouraged. We cannot permit the business of the court to be encumbered by two actions where one would suffice. It is unthinkable in a modern system of pleading and practice designed to secure a just and speedy disposition of litigation there should be two suits between the same parties involving the identical subject matter. . . "

Plaintiff contends in his brief that each single act of adultery committed by defendant with the spouse of plaintiff gives rise to a separate cause of action for damages, and gives three Pennsylvania Supreme Court citations for this proposition. Upon a review of these three cases, we find that none of them stand for what

plaintiff contends. The basis for this action is founded in the common law, and as Justice Jones said in Antonelli v. Xenakis 363 Pa. 375 (1949), at page 379:

". . . (t)he injuries averred in the instant complaint are such as are peculiarly associated with an action for criminal conversation, e.g., injury to the husband's social position, irreparable disgrace in the community where he lived and was engaged in business and dishonor to himself and his family."

The damages claimed in both the Philadelphia and Montgomery actions are identical and are similar to the damages recited in the above quotation. Therefore, this court has no difficulty in concluding that the Philadelphia action encompasses the same parties, asserts the same rights, and seeks the same relief, as the instant action, and therefore is a bar to the maintenance of the action in Montgomery County.

Further, to permit parallel actions in different counties could result in a duplication of damages because of the practical impossibility of rendering an accurate determination of the amount of damages allocable to each distinct act of adultery. The preliminary objection should be sustained. To hold otherwise would offend the conscience of the court in that it would encourage harassment by duplicated actions for criminal conversation, a type of suit which is highly susceptible to extreme and multifarious abuses; it would amount to an approbation of the splitting of a cause of action; and it would stamp an approval upon a needless multiplicity of suits which results in an undue burden and expense to defendant in defending, in two forums, causes of action that are essentially identical.

*Order*

And now, March 30, 1962, defendant's preliminary objection to plaintiff's complaint is sustained and the complaint is dismissed.